Emery v. Cobbey.

---

GEORGE E. EMERY ET AL. V. J: E. COBBEY.

[FILED OCTOBER 16, 1889.]

Contract: RATIFICATION BY SILENCE: ATTORNEY: COMPENSA-
TION. Prior to the year 1884 plaintiffs' intestate.was the owner of school lands in Gage county and paid taxes thereon. In January of that year defendant in error notified plaintiffs that he was proceeding to recover the amount of taxes paid upon school lands under the provisions of an act of the legislature passed

---

before that time, for a contingent fee of one-half of what he could recover, and offering to make an effort to recover the amount due plaintiffs in error if they so desired. Receiving no answer to his letter he soon thereafter addressed them again to substantially the same effect. They telegraphed him to proceed, providing he would do so for a fee of ten per cent upon the amount recovered. He answered by telegraph, declining their offer, but soon thereafter wrote them a letter saying that he was not in a position to dictate terms, and that he had included their claim with others in his hands for collection, and had presented it to the county board. Subsequent to that time he frequently notified them of the proceedings which he was taking and finally of his success in recovering the money from the county. No objections were made by them to his action, although they were at all times advised of the efforts being made by him in their behalf. In an action instituted by him for one-half of the amount recovered of the county it was *held*, that the evidence fully justified the finding of the district court, that he was entitled to ten per cent of the amount recovered, and a judgment to that effect was affirmed.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Hazlett & Bates,* for plaintiffs in error:

Defendant in error not only did not accept but even declined the only offer made by the Crosses. The testimony shows that Ellis, through whom defendant claims the Crosses became indebted to him, was not a general agent and was not authorized to employ counsel. There is no precedent or rule of law under the facts by which defendant could become entitled to the possession of the warrant.

*J. E. Cobbey, pro se:*

The attorney's lien allowed by our statute is paramount to the rights of the parties. (*Boyer v. Clark,* 3 Neb., 168; *Griggs v. White,* 5 Id., 467; *Reynolds v. Reynolds,* 10 Id., 574; *Aspinwall v. Sabin,* 22 Id., 73; *Van Etten v. State,* 24 Id., 734.) Such lien covers a sum awarded to the client

other than, as well as, a judgment. (Weeks, Attorneys, sec. 384.) If money comes into an attorney's hands, he may retain it to the amount of his claim. (Id., 368.) The prosecution of the claims was no small task, and deserves compensation. The silence of the Crosses was a ratification of their attorney's acts. (Weeks, sec. 247.) A right to possession is sufficient to maintain replevin (*Saunders v. Jordan*, 54 Miss., 428; *Corbitt v. Heisey*, 15 Ia., 296; *Parliman v. Young*, 2 Dak., 175; *Prater v. Frazier*, 6 Eng. [Ark.], 249); so also is a special property. (*Rich v. Ryder*, 105 Mass., 306.) Cross never had possession of the warrant and its return cannot be awarded to him. The plea of title in defendant must be for the entire interest. (*McIlvaine v. Holland*, 5 Har. [Del.], 10.)

REESE, CH. J.

This is a proceeding in error to the district court of Gage county.

The action was in replevin against the county clerk of said county for the possession of a county warrant for the sum of $426.27 in favor of the estate of Hugh M. Cross, deceased, held by the clerk for delivery to the executors of said estate as due it upon a claim previously allowed, and which had been duly signed by the county clerk and the chairman of the county board. After the institution of the suit the executors of the estate of Cross appeared and made application to be made defendants and filed their answer, claiming the possession of the warrant as against both the clerk and defendant in error. The clerk disclaimed all interest in the property, and the contest in the district court was between defendant in error and the Crosses, each claiming the right to the possession of the warrant. A trial was had to the district court without the intervention of a jury, which resulted in a finding that "At the commencement of this suit the plaintiff, J. E. Cobbey, was en-

titled to the warrant replevied, and that such right of possession is of the value of $43.86, and that the value of the property replevied is of the value of $438.67; that defendants are entitled to said property subject to plaintiff's right of possession; the right of defendant is of the value of $394.81."

By the issues presented to the district court the question as to the right of defendant in error to maintain replevin as against the clerk is eliminated from the case, and the only question presented is whether or not the executors of the estate of Cross were indebted to defendant in error in any sum for services alleged to have been rendered in procuring the allowance of the claim against the county and the issuance of the warrant, as it must probably be conceded that if such indebtedness did exist, defendant in error would be entitled to an attorney's lien under the provisions of section 8, chapter 7, Compiled Statutes of 1887, as against the Crosses, who are the real plaintiffs in error.

There is no proof in the record that there was any express contract of employment made between the parties in direct terms; but it was contended by defendant in error upon the trial — and is so contended here — that from the correspondence between the parties, and the action subsequently taken by them, a contract is implied, and that under such implied contract defendant in error performed the services (which were actually rendered by him) and for which plaintiff in error is legally bound to pay.

It appears from the evidence that on the 26th day of July, 1884, defendant in error wrote plaintiffs a letter calling their attention to the fact that the legislature of this state had passed an act providing for the repayment by the counties of a portion of the taxes paid upon school lands within the state, and of which plaintiffs' testator had considerable quantity in Gage county, and offering to collect from the county the amount due plaintiffs in error for a contingent fee of one-half. To this letter no response was

made by plaintiffs in error, and on the 9th of the following January he wrote again, calling attention to the matter, and saying that he proposed filing other claims against the county on the following Tuesday, and that if plaintiffs desired him to include their claim to telegraph him. In response to this letter the following dispatch was sent by plaintiffs in error and received by defendant: "Jerseyville, Ill., January 12, 1885.—J. E. Cobbey, Beatrice, Nebraska: Go on, provided your fees shall not exceed 10 per cent of the amount collected. A. W. Cross." To this defendant replied by telegraph: "January 12, 1885.— Cannot take the claim on your terms. J. E. Cobbey." No communication, either verbal or written, was afterward made by plaintiffs in error to defendant in error.

On the 13th day of January, 1885, defendant again addressed a letter to plaintiffs in error declining to accept their proposition, saying that he had made his application to the county board and that they had taken his demand for special levy under advisement, but that he might yet get their claim in by stipulation if so desired, and if it was their wish to have it included to telegraph him. Again, on the 27th day of January he wrote them that at the last moment before filing the claims for his other clients he had included theirs, and that the commissioners, after considering the matter for some days, had made an estimate of one-half mill to meet the claims so filed; that he did not like to leave their claim unprovided for lest it should be lost and so put it in, fearing they might not have received his letter. In this letter he says: "I think I should have the same fee from you as from the others, but am not now in position to dictate terms as I was. Send me your receipts at once as they must be filed with the commissioners. I will prepare affidavits for you."

Again, on the 17th of April of the same year he addressed them a letter saying that he had called at the bank to get tax receipts from it, and that he had been told

that plaintiffs in error talked of sending theirs, and as he had not received them he suggested that if they would profit by work already done they should send them at once. This suggestion was also repeated on a postal card of April 30th. On May 10th he again wrote them in regard to the claim, saying that the levy of taxes was exhausted before their claim was reached, but that he would have another levy made and would get it in in time, though it would cause a delay of nearly two years. On the 20th day of April, 1886, he again wrote them, informing them that the claim had been allowed for the sum of $426.27, and that under their agreement the fees would be $213.13, and asking direction as to how the matter should be closed up, whether by sending them the warrant and they sending him the money or whether he should deduct the fees out of the warrant when collected, which would be some little time in the future. On the 8th day of July, 1887, he wrote them that he had finally succeeded in getting the matter closed up and that the warrant was ready for delivery, but that the clerk claimed that he had a lien on it for $7 for recording done for them, and refused to let him have it; and that he had instituted an action for its possession. He again stated his demand for fees to be $213.

None of these letters were answered by plaintiffs in error, although they were all received by them and are attached to their deposition as exhibits.

By this it conclusively appears that defendant in error was instructed by plaintiffs in error to proceed with the demand against the county, but upon condition that he would transact the business for ten per cent of the amount actually received by him. He at first declined to enter into this agreement, but in his letter of January 27, 1885, a part of which we have hereinbefore quoted, he clearly gave them to understand that he was proceeding in the case in their behalf and was not in a position to insist upon the full fee which he had previously demanded; that no

objection was made to this by plaintiffs in error and that they allowed him to proceed to the final settlement of the business, knowing that they had directed him to do so upon the terms contained in their dispatch.   Had they not been willing for him to so proceed it was their duty to have notified him at once upon being informed of his action.

This evidence was amply sufficient to sustain the finding of the district court and to warrant the rendition of the judgment entered.   It was clearly insufficient to sustain a finding and judgment in favor of defendant in error for the full sum of $213 claimed by him, but there was ample proof of the proposition made by plaintiffs in error and of its final acceptance by defendant in error and the rendering of the services by him with their knowledge and consent under such acceptance.

After having submitted the proposition made by them, and having been informed that the defendant in error was proceeding to the transaction of the business in their behalf, if they did not desire his services they should have notified him that the offer contained in their dispatch had been withdrawn and that they did not desire him to proceed. Instead of doing so, however, they silently permitted him to go on, knowing at all times what he was doing, for he kept them fully apprised of the facts, and, as the sequel shows, were quite willing to receive the benefit of his labor.

The finding and judgment of the district court was right and is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.