[No. 323. Decided March 29, 1892.]

CHARLES R. BROWN, *Respondent*, v. GUSTAVE WINEHILL AND HENRIETTA WINEHILL, *Appellants*.

COSTS ON APPEAL—STENOGRAPHERS' NOTES.

The stenographers' minutes of the trial in the court below are not a proper item of costs to be recovered on appeal, whether procured for the purpose of preparing the statement of facts on appeal or used as the statement itself.

*Appeal from Superior Court, King County.*

Motion to re-tax costs allowed appellants upon reversal of the judgment of the trial court.

*Stratton, Lewis & Gilman,* for appellants:
*Greene & Turner,* for respondent.

The opinion of the court was delivered by

STILES, J.—The respondent moves to re-tax the costs
allowed by the clerk of this court upon the appellants'
cost bill which contained an item of $250 paid for stenog-
raphers' minutes of the trial. It is said that these minutes
were procured for the purpose of *preparing* the statement
on appeal. In fact they were not used for that purpose at
all, but were thrown into the record bodily *as* the state-
ment. Either way, however, the statute seems to make
no provision for the allowance of such an outlay as a dis-
bursement. In equity cases, it is true, the acts governing
appeals to this court require the testimony to be sent up;
and this was a case tried as an equity cause. But, never-
theless, the statement is a paper prepared by the party,
and in that respect it stands on the same level as his
pleadings, his briefs, etc. Were we required to allow for
testimony, however, in ordinary cases, we could not allow
it in this case since there are in these minutes a number
of pages of testimony taken in another lien case and hav-
ing no bearing on this one; page after page is taken up
with colloquies between counsel; and, above all, the
charge of $250 for such a mass of poorly written notes,
covering but 346 pages of not over two and a half folios
each, is too excessive to be allowed under the usual cost
bill affidavit.

The bill is re-taxed, and the item referred to stricken
out.

ANDERS, C. J., DUNBAR and HOYT, JJ., concur.
SCOTT, J., concurs in the result.