ESTATE OF JOE CRAIL, DECEASED, GLADYS S. CRAIL, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105509.    Promulgated March 17, 1942.

*John J. Georgeson, C. P. A.,* and *J. Marion Wright, Esq.,* for the petitioner.

*Frank T. Horner, Esq.,* for the respondent.

660

[REDACTED]

OPINION.

DISNEY: Since the income here involved is from property shown to have been acquired by the decedent prior to July 29, 1927, in part prior to marriage in 1920, the question is whether there was transmutation of the husband's separate property into community estate. We are governed by California law on the question as to what constitutes community estate. *Black* v. *Commissioner*, 114 Fed. 355; *Talcott* v. *United States*, 23 Fed. (2d) 897. That an oral agreement is in that state sufficient can not be doubted, under many decisions, including *Kenney* v. *Kenney*, 30 Pac. (2d) 398; *In re Wahlefeld's Estate*, 288 Pac. 870; *Estate of J. Harold Dollar*, 41 B. T. A. 869; *United States* v. *Goodyear*, 99 Fed. (2d) 523. The respondent contends in substance that the evidence here indicates only statements by the decedent, and not a mutual oral understanding sufficient to the decisions of California. It is true that the evidence consists largely of statements made by the husband, but after consideration of all of the evidence, we are of the opinion that there

was a transmutation of the husband's separate estate into community property. 31 C. J. 75 on this subject says:

Assuming the capacity of the parties to deal with each other, * * * property may be transmuted in character, as community or separate, by gift between the husband and the wife, either of the separate property of the husband or the wife to the community, or of the husband's or the wife's interest in community property to the other spouse.

The interest of a spouse in community property may be the subject of a gift between the spouses. *Kaltschmidt* v. *Weber*, 79 Pac. 272; *Ballinger* v. *Ballinger*, 70 Pac. (2d) 629; *Gillis* v. *Welch*, 80 Fed. (2d) 165. In *McDuff* v. *McDuff*, 187 Pac. 37, a husband purchased a piece of property, caused the deed to be made to his wife, and orally stated that he was giving her the property. The court held "The property became the separate estate of the wife by the gift." A husband may relinquish to his wife her separate earnings during the marital community and such relinquishment may be proved by the acts and conduct of the husband, indicating that he does not regard the earnings as community property. *Smith* v. *Smith*, 191 Pac. 60; *Gray* v. *Perlis*, 245 Pac. 221; *Pacific Mutual Life Insurance Co.* v. *Cleverdon*, 108 Pac. (2d) 405. The entire conduct of the husband here indicates community estate. In *Title Insurance & Trust Co.* v. *Ingersoll*, 94 Pac. 94, the husband obtained possession of the wife's separate property and claimed same as community. The court said:

* * * But it is not essential in such a case for the husband to show any express agreement on the part of the wife. The gift or change in the status of the property may be shown by the very nature of the transaction or appear from the surrounding circumstances.

Applying the above cases to the instant situation, we conclude that the husband made a gift of his separate property to the marital community, and that there was a meeting of minds on its treatment as community estate. Though it is true that the record contains nothing showing a definite acceptance on the part of the wife of the husband's offer, nevertheless many of the husband's statements were made directly to his wife. No dissent on her part appears and it is plain from the history of the marital community that she considered the property to be what the husband called it, community estate, and acted upon that assumption. She was consulted with about purchases of property, viewed the properties with her husband, and with him considered them and their purchase. It is clear, we think, that the husband and wife mutually, because of conversations, statements, and acts, understood the property to be community. The wife, in our opinion, after making no dissent to her husband's repeated statements, and having treated the property accordingly, could not suc-

cessfully have contended that the property was not community in a contest, for example, with his heirs. "The acceptance of a gift, beneficial to the donee and otherwise complete, will be presumed, unless the contrary is made to appear, even though the donee did not know of the gift at the time it was made." 28 C. J. 672. Where a gift is between members of a family living in the same house, requirements as to delivery are not strictly applied. 28 C. J. 638. Acceptance of an offer may be inferred from silence, if the relation of the parties or other circumstances impose a duty to speak. 13 C. J. 276. *Emery* v. *Cobbey*, 43 N. W. 410; *Orme* v. *Cooper*, 27 N. E. 655. In *Hobbs* v. *Massasoit Whip Co.*, 33 N. E. 495 (158 Mass. 194), Holmes, J., held that a contract was completed by failure to dissent from the offer, for the parties were not strangers to each other and

* * * The proposition stands on the general principle that conduct which imports acceptance or assent is acceptance or assent, in the view of the law, whatever may have been the actual state of mind of the party,—a principle sometimes lost sight of in the cases. * * *

In *Kaltschmidt* v. *Weber, supra*, the Supreme Court of California considered the present question where there was a dearth of definite understanding between husband and wife and the court said:

* * * Now, it may well have been the case that the husband could recall no conversation between them in which such an agreement was distinctly expressed. His testimony strongly indicates this condition of memory. And yet it might also be true that the fact that there was such an agreement was perfectly well understood between them. In such case resort may be had to circumstantial evidence. The conduct and actions of the husband with respect to such earnings, indicating that he did not regard them as community property, or that he had relinquished to her the right to control and dispose of her receipts from that source, would be competent evidence and admissible to prove the agreement. * * *

*In re Sill's Estate*, 9 Pac. (2d) 243, is similar to the instant situation in that it turned upon a statement by the husband to the wife (a single statement as contrasted with the various statements from the husband herein involved). The court says that "there was ample evidence" to justify the finding of community property. There property was placed in the name of the husband, who said to the wife: "Don't feel bad about it, you know it is just as much yours as it will be mine; this is our home." It is true that the wife made a minor contribution to the purchase price of the property involved, but the evidence did not show whether she had ever been repaid, and the mere fact of such contribution, without more, was no basis for communization of the property. The court said that particular words are not necessary to evidence an agreement for community property "as long at it may be fairly inferred from all of the circumstances in evidence that a community interest was intended by the parties."

In the light of all of the above, we can not but believe that there was sufficient of gift and mutual understanding between the husband and wife to satisfy the decisions of the California court upon this subject.

We therefore hold that the respondent erred in determining the deficiency upon the theory that the income here involved was the separate income of the husband.

*Decision will be entered under Rule 50.*