## MOORE v. CRANDALL.

### In re CRANDALL.

#### (Circuit Court of Appeals, Ninth Circuit. May 19, 1913.)

#### No. 2,245.

1. HUSBAND AND WIFE (§ 259*)—EARNINGS OF WIFE—COMMUNITY PROPERTY.

Under Civ. Code Cal. § 158, providing that either husband or wife may enter into any engagement or transaction with the other respecting property, which either might if unmarried, and section 159, providing that a husband and wife may by contract alter their legal relations as to property, etc., a husband and wife may lawfully agree that money earned by the wife for services which do not devolve on her by reason of the marriage relation shall be her separate property; but, in the absence of such agreement, her earnings while living with her husband are community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 911; Dec. Dig. § 259.*]

2. HUSBAND AND WIFE (§ 126*)—EARNINGS OF WIFE—WORK FOR HUSBAND.

Under the statutes of California (Civ. Code, §§ 158, 159) relating to the rights of married women, a wife may contract with her husband to perform services for him outside the family relation for wages, which are to be her separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 459–464; Dec. Dig. § 126.*]

3. BANKRUPTCY (§ 340*)—CLAIMS—PROOF—PRIMA FACIE EVIDENCE.

Where a wife filed a sworn claim against the estate in bankruptcy of her husband for wages alleged to be due her as clerk in her husband's store, alleging that it had been specifically agreed between her and her husband that she should receive $20 a week for her services, for her separate use; that $10 was to be drawn each week, and the remaining $10 left in the business until conditions were easier, or until the business terminated, the sworn claim was prima facie evidence of the truth of its allegations as against the objections of the trustee that claimant could not prove a claim against the estate for services rendered the husband while they were living together as husband and wife.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

4. BANKRUPTCY (§ 342½*)—CLAIMS—APPEAL.

Where a referee, in rejecting a claim of the bankrupt's wife for wages, ignored material legal evidence, but the bankrupt's proof of claim was not conclusive, it was error for the District Court to not only reverse the referee's determination, but allow the claim; the proper procedure being to remand the case to the referee for further hearing.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. § 342½.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition for Revision of an Order of the District Court of the United States for the Southern Division of the Southern District of California; Olin Wellborn, Judge.

In the matter of bankruptcy proceedings of Benjamin C. Crandall. Claim by Nellie M. Crandall against Wm. H. Moore, Jr., as trustee in bankruptcy of the estate of claimant's husband, Benjamin C. Crandall.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A decree of the District Court was entered allowing the claim, and the trustee petitions for review. Modified and remanded.

W. T. Craig and Carroll Allen, both of Los Angeles, Cal., for petitioner.

J. W. Morin, of Pasadena, Cal., for respondent.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. The question for decision herein arises over the allowance of a claim of Mrs. Nellie M. Crandall against the estate of her husband, Benjamin C. Crandall, bankrupt. The allegations of Mrs. Crandall by duly verified proof of unsecured debt, so far as material to the present controversy, are that the bankrupt is justly indebted to her in the sum of $130 for balance of wages due to her for services as clerk in the store of bankrupt in Pasadena, Cal., during parts of 1911 and 1912, "at the agreed wages of $20 per week, and it was specifically agreed between bankrupt and claimant that the claimant was to receive from bankrupt the sum of $20 each week, for her services, for her own and separate use, of which $10 was to be drawn each week and was so drawn, and the remaining $10 each week was to be left in the business until conditions were easier, or until the termination of said business. * * *" Additional claim for $600 is made for balance due for wages preceding October, 1911, "according to the agreement above set forth, which agreement was made at the opening of bankrupt's business, * * * and it was especially agreed between claimant and bankrupt that said entire wages were to be paid to claimant as her own separate property after said wages, to wit, $10, were paid each week, the remaining half to be paid when the business was on an easier footing, or at the conclusion of said business."

The trustee objected to the allowance of Mrs. Crandall's claims upon the ground that she, being the wife of the bankrupt, was not entitled to prove a claim against the estate for services rendered by her to her husband, while they were living together as husband and wife. The referee disallowed the claim. The claimant asked for a review, and the matter was certified to the District Court. In his certificate the referee expressed the opinion that the earnings or wages of the wife constituted community property, and as such belonged to the husband, and could not be recovered from him, in the absence of a previous agreement that they should be hers, or be released by him to her, and he then reports: "There is no evidence in this case of any such previous agreement." Accompanying the report to the District Court was the proof of claim and the transcript of the testimony taken. The District Judge disaffirmed the action of the referee and allowed the claim. The trustee then brought the matter to this court, but has not included the oral testimony taken upon the hearing before the referee.

[1] The main contention of the trustee is that under the statutes of California the earnings of a wife living with her husband are community property, in the absence of an express contract between her and her husband that they shall be her separate property. We may concede that petitioner's premise is a correct statement of the right of

a married woman with respect to her earnings under the laws of California and of some other states. In Wren v. Wren, 100 Cal. 276, 34 Pac. 775, 38 Am. St. Rep. 287, the Supreme Court of the state said:

"Section 158 of the Civil Code provides that 'either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property which either might if unmarried,' and section 159 of the same Code provides that a husband and wife may by contract alter their legal relations as to property, and the succeeding section makes the mutual consent of the parties thereto a sufficient consideration for such an agreement. Under these sections there can be no doubt that a husband and wife may agree between themselves, without any other consideration than their mutual consent, that money earned by the wife in performing any work or service which does not devolve upon her by reason of the marriage relation shall belong to her as her own, and, when money has been earned by the wife under such an understanding or agreement with the husband, it is her separate property, and she may maintain an action to recover the same. An agreement between husband and wife, by which the husband relinquishes all claim to the earnings of the wife, is one which relates to the acquisition of property by the wife, and is an engagement or transaction respecting property, within the meaning of section 158 of the Civil Code above cited." Larson v. Larson, 15 Cal. App. 531, 115 Pac. 340; Kalischmidt v. Weber, 145 Cal. 596, 79 Pac. 272.

[2] This being the law in California, we can perceive no reason why the wife may not perform services for the husband under a contract for money, provided such service is for work outside of the family relation. Nuding et al. v. Urich, 169 Pa. 289, 32 Atl. 409; Roche v. Union Trust Co. (Ind. App.) 52 N. E. 612. And these views lead us to a conclusion adverse to petitioner.

[3] It is well settled that in bankruptcy proceedings a sworn proof of claim is prima facie evidence of its allegations as against the objections of the trustee; that is to say, Mrs. Crandall's formal proof is some evidence of the alleged fact that she acted as a clerk in her husband's store, that she was to be paid wages at $20 per week, that it was specifically agreed upon between her and her husband that she was to receive her wages for her own and separate use, and that such agreement was made at the opening of the bankrupt's business. Her case was therefore made, prima facie, and she could await the introduction of evidence, if any could be produced, tending to overcome that which she had presented. The Supreme Court in Whitney v. Dresser, 200 U. S. 532, 535, 26 Sup. Ct. 316, 317 (50 L. Ed. 584), said:

"The words of the statute suggest, if they do not distinctly import, that the objector is to go forward, and thus that the formal proof is evidence even when put in issue. The words are: 'Objections to claims shall be heard and determined as soon,' etc. Section 57f [Bankr. Act July 1, 1898, c. 541, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443)]. It is the objection, not the claim, which is pointed out for hearing and determination. This indicates that the claim is regarded as having a certain standing already established by the oath. Some force also may be allowed to the word 'proof' as used in the act. Convenience undoubtedly is on the side of this view. Bankruptcy proceedings are more summary than ordinary suits. Judges of practical experience have pointed out the expense, embarrassments, and delay which would be caused if a formal objection necessarily should put a creditor to the production of evidence or require a continuance. Justice is secured by the power to continue the consideration of a claim whenever it appears there is good reason for it. We believe that the understanding of the profession, the words of the act, and convenience and just administra-

tion all are on the side of treating a sworn proof of claim as some evidence, even when it is denied."

It would seem that the referee proceeded under the belief that the sworn proof referred to was no evidence at all; for, although he recognized that in California the earnings of the wife might be recovered, if there was a previous agreement that they should be hers, or if they were released by the husband to the wife, yet in express words he reported to the court that there was no evidence in the case of any such previous agreement. By his action, therefore, he ignored material legal evidence, and in so doing committed serious error against the rights of the claimant.

[4] The learned judge of the District Court, however, evidently gave consideration to the sworn proof of an agreement between the claimant and her husband, and properly held that the referee was in error. As already stated, the order of the lower court allowed the claim of Mrs. Crandall; but, as the proof of claim was not conclusive, such a disposition of the matter seems irregular. The referee should proceed to a new hearing, whereat the sworn proof of the claimant must be considered, and the trustee should be given opportunity to meet the case made by the claimant's proof.

The order of the lower court is therefore modified, in so far as it finally allowed the claim of Mrs. Crandall, and the matter is hereby remanded to the District Court, with directions to set aside the order of the referee and to remand the proceedings to the referee, to be proceeded with as herein indicated. In re John H. Livingston Co., 144 Fed. 971, 75 C. C. A. 282.

Modified and affirmed.