LEON SALOMON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3725. Decided September 27, 1926.

COMMUNITY PROPERTY.—Petitioner and his wife in 1922 were residents of California. For that year they filed separate returns, the wife reporting as income the salary paid her by the petitioner for services rendered him in his business, which salary she had invested. The household expenses were paid by the petitioner. *Held*, that the Commissioner erred in including the salary of the wife in the income of the petitioner.

*Jerome H. Bayer, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax in the amount of $407.10 for the calendar year 1922. The

question involved is whether under the laws of California and the Revenue Act of 1921 the Commissioner erred in including in the income of the petitioner an amount claimed to represent the separate income of the wife of the petitioner.

### FINDINGS OF FACT.

The petitioner is an optician engaged in business in San Francisco, Calif. During the year 1922 he was married and living with his wife in the State of California. During the past ten years the petitioner's wife, Della B. Salomon, has assisted him in his business by acting as bookkeeper, keeping records, sending out notices, and performing other clerical duties in the office. The duties of the wife in the office of the petitioner occupied the greater part of her time. For the year 1922 the petitioner paid his wife a salary of $300 per month or $3,600 for the year, which she invested in certain bonds. The petitioner paid the household expenses of himself and of his wife.

In March, 1923, the petitioner and his wife filed separate income-tax returns for the year 1922. The petitioner in his return claimed, among other deductions, one for salaries and wages in the amount of $6,615.80. The petitioner's wife in her return reported, among other items of income, the amount of $3,600 as salary received from the petitioner.

Later in the year 1923 an investigation of the records of the petitioner was made by an internal revenue agent. On November 1, 1923, Mrs. Salomon executed an amended individual return for the year 1922 from which the item of $3,600 was omitted. The other items of income reported in this return were the same as those listed in her original return. On the same date, November 1, 1923, the examining officer, apparently acting under authority of section 3176 of the Revised Statutes, executed an amended joint return on behalf of the petitioner and his wife for the year 1922. This return bears the signature "Leon Salomon, 3176 Sect." It is not the signature of the petitioner. In this return there was added to the income the amount of $3,600, the salary of Mrs. Salomon. In other respects the income reported and the deductions and exemptions claimed are the same as in the original return of the petitioner.

The Commissioner computed the deficiency here involved on the basis of the so-called amended joint return. The greater part of the deficiency arises from the inclusion in income, as shown by the amended return, of the item of $3,600.

### OPINION.

ARUNDELL: In adding to the income of the husband the salary reported by the wife as her separate earnings, the Commissioner

proceeded on the theory that the services of the wife are a part of the earning power of the community and the earnings received from her services constitute community property as much as do the earnings received from the services of the husband. This theory finds support in some California cases. See *Martin* v. *Southern Pacific Co.*, 130 Cal. 285; 62 Pac. 515; *Smith* v. *Furnish*, 70 Cal. 424; 12 Pac. 392. There are also in support of the Commissioner's position the presumptions that all property acquired after marriage is community property, *Jordan* v. *Fay*, 98 Cal. 264; 33 Pac. 95, 96; *In re Rolls' Estate*, 226 Pac. 608; and that all property in the possession of either spouse during marriage is community property until the contrary is shown. *In re Jolly's Estate*, 238 Pac. 353. These presumptions arise under sections 164 and 687 of the Civil Code of California. That they are rebuttable presumptions has been repeatedly held by the courts of California and follows from sections 158, 159 and 160 of the Civil Code giving a husband and wife the right to alter their legal relations as to property. In *Wren* v. *Wren*, 100 Cal. 276; 34 Pac. 775, it is said:

Under these sections [158, 159 and 160], there can be no doubt that a husband and wife may agree between themselves, without any other consideration than their mutual consent, that money earned by the wife in performing any work or service which does not devolve upon her by reason of the marriage relation shall belong to her as her own, and, when money has been earned by the wife under such an understanding or agreement with the husband, it is her separate property.

This decision has been cited with approval in a long line of California cases. See *Kaltschmidt* v. *Weber*, 145 Cal. 596; 79 Pac. 272; *Perkins* v. *Sunset Tel. & Tel. Co.*, 103 Pac. 190; *Smith* v. *Smith*, 47 Cal. App. 650; 191 Pac. 60; *Gray* v. *Perlis*, 245 Pac. 221.

The case of *Moore* v. *Crandall*, 124 C. C. A. 11; 205 Fed. 689, a California case, involved a claim by the wife against the estate of her husband in bankruptcy for wages due to her for services as clerk in the store of the husband, which, according to the proof in support of the claim, were due under an agreement entered into between the husband and wife at the time of opening the business whereby she was to receive a weekly wage for her services, the wages to be her own separate property. After quoting at some length from *Wren* v. *Wren*, *supra*, including the part we have quoted above, it is held:

This being the law in California, we can perceive no reason why the wife may not perform services for the husband under a contract for money, provided such service is for work outside of the family relation. *Nuding et al.* v. *Urich*, 169 Pa. 289, 32 Atl. 409; *Roche* v. *Union Trust Co.* (Ind. App.) 52 N. E. 612.

This case seems to us to be decisive of the question here involved. See also *Appeal of Estate of George W. Randall*, 4 B. T. A. 679. We are accordingly of the opinion that the Commissioner erred in including in the income of the petitoner the salary of the petitioner's wife in the amount of $3,600 for the year 1922.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*