[No. 14296.  In Bank. — November 8, 1893.]

## MARY WREN, APPELLANT, v. WILLIAM J. WREN, RESPONDENT.

HUSBAND AND WIFE—EARNINGS OF WIFE—AGREEMENT—CONSIDERATIONS —SEPARATE PROPERTY.—A husband and wife may agree between themselves, without any other consideration than their mutual consent, that money earned by the wife in performing any work or service which does not devolve upon her by reason of the marriage relation shall belong to her as her own, and, when money has been earned by her under such an understanding or agreement, it is her separate property, and she may maintain an action to recover the same.

ID.—AGREEMENT RESPECTING PROPERTY—GIFT OF FUTURE EARNINGS— CONSTRUCTION OF CODE.—A verbal agreement between husband and wife, by which the husband relinquishes all claim to the earnings of the wife by reason of her future services to others as a nurse, is one which relates to the acquisition of property by the wife, and is not an invalid verbal gift of the wife's future earnings, but is an engagement respecting property within the meaning of section 158 of the Civil Code.

ID.—ACTION BY MARRIED WOMAN—PLEADING—NOTICE OF AGREEMENT WITH HUSBAND.—In an action by a married woman to recover for personal services a sum of money which she claims as her separate property under an agreement with her husband giving it to her as such, where there is no question of setoff existing in favor of the defendant against the husband at the time of the rendition of the services, it is immaterial whether or not the defendant was informed at the time that the wife and not the husband was to receive the pay for such services; and the plaintiff need not allege in her complaint that the defendant had notice of the agreement at the time of the rendition of the services.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Frank Sullivan,* for Appellant.

As the complaint alleges substantially that the plaintiff's earnings as nurse were her separate property by the consent of her husband, she can sue alone. (Code Civ. Proc., sec. 370; *Wilson* v. *Wilson,* 36 Cal. 447; 95 Am. Dec. 194; *Brooks* v. *Schwerin,* 54 N. Y. 346; *Cornelius* v. *Reiser,* 18 N. Y. Supp. 113; *Stamp* v. *Franklin,* 12 N. Y. Supp. 391.) The agreement was a valid one, as it was one which the parties had a right to make. (Civ. Code, secs. 158, 167, 1556; *Marlow* v. *Barlew,* 53 Cal. 456; *Kohner* v. *Ashenauer,* 17 Cal. 579; *Peck* v. *Brummagim,* 31 Cal. 441; 89 Am. Dec. 195; *Von Glahn* v. *Brennan,* 81 Cal. 261; *Hazelbaker* v. *Goodfellow,* 64 Ill. 238; *Hoyt* v. *White,* 46 N. H. 45, 46; *Quidort* v. *Pergeaux,* 18 N. J. Eq. 472; Stewart, Husband and Wife, secs. 65, 130, 469.) The only persons who may object to such an agreement are creditors, and even as to them the husband can abandon all rights to the wife's future earnings. (*Peterson* v. *Mulford,* 36 N. J. L. 481; Stewart, Husband and Wife, sec. 130.) A third person to whom a wife has rendered services cannot defeat her claim by setting forth that she is a married woman. Such an objection must come from her husband. (*Avery* v. *Moore,* 34 Ill. App. 115; 133 Ill. 74. The trend of all legislation is towards making the wife a *feme sole* in reference to her earnings, especially where she labors for another person whom she is not legally and morally bound to support, especially if her husband consents. (*Brooks* v. *Schwerin,* 54 N. Y. 343; *Meriwether* v. *Smith,* 44 Ga. 541; *Mason* v. *Dunbar,* 43 Mich. 407; 38 Am. Rep. 201; 2 Story's Equity Jurisprudence, secs. 1367, 1368, 1385; *Pinkston* v. *McLemore,* 31 Ala. 308; *Cooper* v. *Alger,* 51 N. H. 175; *Whiting* v. *Beckwith,* 31 Conn. 596; Hawes' Parties to

Actions, sec. 64; *Peterson* v. *Mulford*, 36 N. J. L. 481;
*Tillman* v. *Shackleton*, 15 Mich. 447; 93 Am. Dec. 198;
*West* v. *Laraway*, 28 Mich. 464; *Hazelbaker* v. *Goodfellow*,
64 Ill. 241; *Moseley* v. *Heney*, 66 Cal. 479; *Stamp* v. *Frank-
lin*, 12 N. Y. Supp. 391; *Cornelius* v. *Raiser*, 18 N. Y.
Supp. 113.)

*Mich. Mullany,* and *William Grant,* for Respondent.

The property or claim sued for in this action was
acquired after marriage, and is community property, as
the husband and wife were living together. (Civ.
Code, secs. 164, 169.) And the wife cannot sue for its
recovery as her separate property. (Civ. Code, sec.
172.) The alleged agreement between the spouses was
invalid, as the subject matter thereof was not in exist-
ence when the alleged gift was made, and it was not there-
fore the subject of which a gift could be made. (*Read* v.
*Rahm,* 65 Cal. 343; 2 Kent's Com., p. 438.) As there
was nothing in existence to be given when the alleged
gift was made there could have been no delivery. (Civ.
Code, secs. 1146, 1147; *Noble* v. *Smith,* 2 Johns. 52; 3
Am. Dec. 399; *Dow* v. *Gold & C. S. Min. Co.,* 31 Cal.
653.) The spirit and design of the codes are opposed
to such agreements. (See Civ. Code, secs. 164-69.)

DE HAVEN, J.— The plaintiff, who is a married
woman, brought this action to recover three hundred
dollars from the defendant for personal services as a
nurse, alleged to have been rendered by her to him.
At the time these services were rendered the plaintiff
and her husband were living together, and the defend-
ant was an inmate of their house, but neither the
plaintiff nor her husband was under any natural or
legal obligation to care for the defendant without charge.
In addition to the foregoing facts, it is alleged in the
complaint that, prior to the rendition of the services
mentioned, it was orally agreed between plaintiff and
her husband that she should have and receive all

moneys earned by her in nursing defendant as her sole and separate property.

The superior court sustained a demurrer to the complaint, and thereupon rendered judgment in favor of defendant.

The sole question to be determined on this appeal is whether the complaint shows that the earnings of plaintiff in nursing defendant became her separate property, or whether such earnings constitute community property, for which her husband alone has the right to sue. The earnings of a wife during marriage, and while living with her husband and in his house, are community property, and, as such, are subject to the management, control, and disposition of the husband; but the husband may relinquish to the wife the right to such earnings, and when he has done so they become the separate property of the wife. This general proposition is not disputed by defendant, but he contends that the agreement alleged in the complaint did not have this effect, because it related to future earnings, something not then in existence and, therefore, not the subject of a verbal gift. We do not, however, regard this agreement as constituting a gift pure and simple in the legal sense of that term. Section 158 of the Civil Code provides that " either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property which either might if unmarried"; and section 159 of the same code provides that a husband and wife may by contract alter their legal relations as to property, and the succeeding section makes the mutual consent of the parties thereto a sufficient consideration for such an agreement. Under these sections there can be no doubt that a husband and wife may agree between themselves without any other consideration than their mutual consent, that money earned by the wife in performing any work or service which does not devolve upon her by reason of the marriage relation shall belong to her as her own, and, when money has been earned by the wife

under such an understanding or agreement with the husband, it is her separate property, and she may maintain an action to recover the same. An agreement between husband and wife, by which the husband relinquishes all claim to the earnings of the wife, is one which relates to the acquisition of property by the wife, and is an engagement or transaction respecting property, within the meaning of section 158 of the Civil Code above cited.

This same question arose in the case of *Riley* v. *Mitchell*, 36 Minn. 3. Under section 4 of the General Statutes of that state (1878), husband and wife are given the right to "contract with each other as fully as if the relation of husband and wife did not exist," except in matters concerning real estate, and the supreme court in that case held that an agreement between husband and wife, that the latter might receive the compensation to be earned by her in nursing a boarder in the family gave her the right to such earnings, and the consequent right to maintain an action for the purpose of collecting the same. The court in that case said: "While it may be true that a married woman will not solely, by virtue of the provisions in General Statutes, 1878 (c. 69, sec. 1), be entitled to moneys due from boarders or others earned by her in and about the keeping and management of the family household, there can be no doubt that, under section 4, same chapter, she may become entitled to receive the same by virtue of a contract between herself and her husband. We do not mean by this that they may stipulate for a pecuniary compensation to be paid by one to the other for performing the duties that pertain to the relation, such as caring for and managing the family, and the household of the family, but confine the proposition to services rendered to others, and compensation from others for such services." We think this may be regarded as a correct statement of the right given to husband and wife to contract with each other in relation to the

earnings of the wife by the sections of our own Civil Code above cited.

It must be conceded that there is language found in the opinion of this court in the case of *Read* v. *Rahm*, 65 Cal. 343, which seems to sustain the contention of defendant here that the alleged agreement between the plaintiff and her husband was in the nature of a gift, and ineffectual for that purpose, because it related to future earnings. The following is the language contained in that opinion which is relied upon by the defendant: "There can be no doubt that any indebtedness due from Welsh for board for himself and sons was due to the community, nor could the husband make a gift to his wife of his interest in what should be paid by Welsh for such board in the future. He could not give that which he had not yet acquired." The question involved in that case related to the effect of a deed made to the wife by the direction of her husband in settlement of an indebtedness due to the community, and the court held that such deed operated as a gift from the husband to the wife. As this was the only question before the court, it is evident that its attention was not particularly called to the different matter referred to in the above quotation, and what is there said cannot be regarded as an authoritative decision upon the point presented here.

The plaintiff was not required to allege in her complaint that the defendant had notice of the agreement between herself and husband at the time of the rendition of the services mentioned in the complaint. This point was also passed upon in the case of *Riley* v. *Mitchell*, 36 Minn. 3, and we think was there correctly decided. It was held in that case that, when there is no question of setoff existing in favor of the defendant against the husband at the time of the rendition of the services, it makes no difference whether the defendant was or was not informed at the time that the wife and not the husband was to receive the pay for such services.

Judgment reversed, with directions to the superior

court to overrule the demurrer to the complaint. The appeal from the order sustaining the demurrer is dismissed.

PATERSON, J., FITZGERALD, J., GAROUTTE, J., and HARRISON, J., concurred.