[Sac. No. 617.   Department One.—October 22, 1900.]

## J. G. MARTIN, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

HUSBAND AND WIFE—INJURIES TO WIFE—LOSS OF SERVICES—RIGHT OF ACTION BY HUSBAND.—A husband is entitled to recover for the damage sustained by him by reason of physical injuries inflicted on his wife through the negligence of the defendant, whereby he has been deprived of her services, and compelled to expend money as a consequence of such deprivation.

ID.—COMMUNITY PROPERTY—EARNINGS OF WIFE.—The services of the wife are a part of the earning power of the community, and the earnings received for her services constitute community property, as much as do the earnings received for the services of the husband; and for any wrongful act of another by which either husband or wife is deprived of the capacity to accumulate community property, the husband, as the head of the community, may maintain an action for damages.

ID.—EXPENSES INCURRED BY HUSBAND.—In such an action, the husband may recover the expense incurred by him for necessary labor and services substituted for the ordinary services of the wife.

ID.—NATURE OF INJURY—EXPERT EVIDENCE.—The character of the injuries sustained by the wife, their probable duration, and the medical care required for their alleviation, are proper subjects for the opinion of experts; and a physician who had attended upon the wife may testify as to the character of the medical attendance she would require in the future.

APPEAL from a judgment of the Superior Court of Tulare County and from an order refusing a new trial.   Justin Jacobs, Judge.

The facts are stated in the opinion of the court.

Power & Alford, and Foshay Walker, for Appellant.

Charles G. Lamberson, for Respondent.

HARRISON, J.—The present action is brought for the recovery of damages sustained by the plaintiff by reason of injuries received by his wife while she was being conveyed as a passenger upon one of the trains of the defendant.  It is alleged in the complaint that by reason of the negligence of the

defendant the injuries received by plaintiff's wife were per-
manent, and rendered her wholly unable to perform her usual
work and duties, and that by reason thereof he has been, and
will be through the remainder of her life, deprived of her ser-
vices and compelled to provide medical aid and care for her.
Judgment was rendered in favor of the plaintiff, and the defend-
ant has appealed.

The principal ground urged by the defendant in support of
its appeal is that the plaintiff is not entitled to recover compen-
sation for the loss of services of his wife; that the relation which
under the common law existed between the husband and wife,
by which the wife was in reality the servant of the husband,
does not prevail in this state; that the code does not give to
the husband a right to the services of the wife, and that, there-
fore, he cannot maintain an action for being deprived of them.
It was shown at the trial that prior to receiving the injury she
did the housework of the family without any assistance, and
that since that time she had been unable to do any of it, and that
the plaintiff had been compelled to employ other assistance for
that purpose.

The right of the plaintiff to maintain the action does not
depend upon the right of the husband to compel the wife to
render such services, or upon the existence of any obligation
upon her part to perform them, other than the obligation of mu-
tual support which they contract toward each other. (Civ. Code,
sec. 155.)   The action is brought to recover compensation for
the damage sustained by reason of the wrongful act of the de-
fendant, whereby the plaintiff has been deprived of her services
and compelled to expend money as a consequence of such dep-
rivation.   The services of the wife are a part of the earning
power of the community, and the earnings received for her ser-
vices constitute community property as much as do the earn-
ings received for the services of the husband.   If the injury had
been received by the husband, it would not be contended that
he could not recover for the damage sustained by the loss of his
earning capacity.   In either case, the earnings would be com-
munity property, and any act by which either husband or wife
is deprived of the capacity to render services diminishes the
capacity to accumulate community property.   If the domestic

services voluntarily rendered by the wife obviate the necessity of employing other assistance the amount of the community property is thereby enhanced in the amount that would be required for such assistance, and by the deprivation of such services the community property suffers a corresponding damage. The husband, as the head of the community, has the right to maintain actions for damage to property sustained by the community, and the action of the court in admitting this evidence was correct, as was also its instruction to the jury that the plaintiff was entitled to recover the expense incurred by him for necessary labor and services substituted for the ordinary services of the wife. (*Tell v. Gibson,* 66 Cal. 247; *Redfield v. Oakland etc. Ry. Co.,* 112 Cal. 220.)

One of the physicians who had attended upon the wife, while testifying, was asked as to the character of the medical attendance which she would require in the future. This question was objected to by the defendant, on the ground that it was seeking to substitute the opinion of the witness for the conclusion which should be made by the jury, but the court properly admitted the testimony. The character of the injuries sustained by her, as well as their probable duration and the professional care required for their alleviation, were proper subjects for the opinion of experts. The plaintiff was entitled to recover for whatever damage could be shown as certain to result in the future (Civ. Code, sec. 3283); and the testimony of the physicians who had attended upon her was a proper mode of establishing this fact.

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.