[S. F. No. 3353. In Bank.—December 24. 1904.]

# ELEONORA KALTSCHMIDT, Appellant, v. ADOLPH H. WEBER, Executor, etc., Respondent.

BILL OF EXCEPTIONS—PRESENTATION FOR SETTLEMENT—MISTAKE AS TO TIME—EXCUSABLE INADVERTENCE.—A mistake of one day in giving eleven days' notice by plaintiff of the presentation of a bill of exceptions for settlement after the service of proposed amendments thereto does not make the settlement thereof erroneous where a proper case for relief under section 473 of the Code of Civil Procedure was established by affidavits and by all the circumstances of the case clearly showing that the mistake was the result of an excusable inadvertence on the part of plaintiff's attorney.

ACTION AGAINST EXECUTOR—SERVICES OF MARRIED WOMAN AS NURSE —NONSUIT — EVIDENCE — AGREEMENT FOR SEPARATE PROPERTY — PREJUDICIAL ERROR.—In an action by a married woman against an executor upon a contract for services rendered by her to the deceased testator in his lifetime as nurse and attendant, where a nonsuit was granted for the main reason that there was no evidence of any agreement between her and her husband to the effect that her personal earnings should be her separate property, it was prejudicial error to refuse to permit evidence by the husband tending to establish such agreement.

ID.—INCOMPETENT EVIDENCE OF PLAINTIFF.—The testimony of the plaintiff concerning the course of conduct of herself and husband with respect to her earnings, relating to matters of fact which must have taken place in the lifetime of the deceased employer, was properly excluded as inadmissible under subdivision 3 of section 1880 of the Code of Civil Procedure.

ID.—HUSBAND AND WIFE—GIFT OF COMMUNITY PROPERTY—SEPARATE PROPERTY—CONSTRUCTION OF CODE.—The husband may make a gift of community property to the wife, the effect of which is to transmute it into her separate estate. Section 172 of the Civil Code, forbidding the husband to make a gift of community property without the consent of the wife in writing, is for her benefit, and has no application to a gift by the husband directly to the wife.

ID.—AGREEMENT AS TO PERSONAL EARNINGS—CHANGE OF STATUS.—The husband may, under sections 158 and 159 of the Civil Code, agree with the wife that her personal earnings, both past and future, shall be her separate property, the effect of which agreement is to convert them from the *status* of community property to that of the wife's separate property.

ID.—PROOF OF AGREEMENT—MANAGEMENT AND CONTROL OF WIFE'S EARNINGS—EVIDENCE IMPROPERLY EXCLUDED.—Where the husband testi-

fied that he had had an understanding with his wife ever since their
marriage as to the control and management of her earnings it was
prejudicial error to refuse to allow him to testify as to who had
had the management and control of his wife's earnings for a specified
period, and not to allow him to testify as to the effect of the
agreement or understanding between them. The conduct and actions
of the husband with respect to such earnings, indicating that he did
not regard them as community property, or that he had relinquished
to her the right to control and dispose of her receipts from that
source, were competent and admissible evidence to prove the agree-
ment.

ID.—UNNECESSARY AMENDMENT TO COMPLAINT—ADMISSIBILITY OF PROOF.
—It was not necessary to amend the complaint so as to allege an
agreement of the husband and wife that her earnings should be her
separate property in order to render proof thereof admissible. Such
proof was admissible under the averment of the original complaint
that the deceased was indebted to her for the services in question.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a new trial. Frank H.
Kerrigan, Judge.

The facts are stated in the opinion of the court.

Arthur H. Barendt, Charles E. Naylor, and William P.
Hubbard, for Appellant.

Alexander D. Keyes, for Respondent.

SHAW, J.—This is an appeal from an order denying the
plaintiff's motion for a new trial.

The court did not err in settling the bill of exceptions, not-
withstanding the fact that the day fixed for the presentation
thereof in the notice given by the plaintiff was eleven days
after the defendant had served his proposed amendments
thereto. It was clearly shown by the affidavits and by all the
circumstances of the case that the mistake of one day in fixing
the time was the result of an excusable inadvertence on the
part of plaintiff's attorney, and this made a proper case for
relief under section 473 of the Code of Civil Procedure.

The plaintiff was a married woman, and the action was on
a contract for services alleged to have been rendered by her
to the deceased in his lifetime as nurse and attendant upon
him. The defendant denied the allegations of the complaint,

and alleged affirmatively that the indebtedness sued on was community property of the plaintiff and her husband, and that there was a defect of parties, by reason of the fact that the husband was not made ·a party plaintiff. At the close of the testimony a motion by the defendant for a nonsuit was granted.

The plaintiff urges with much persistence that there was sufficient evidence to justify findings in her favor, and hence that the motion for nonsuit should not have been granted. In view of the conclusions that we have reached upon the rulings of the court rejecting certain evidence offered by the plaintiff, we think it unnecessary to decide the question as to the sufficiency of the evidence. One ground of the motion for nonsuit was, that the indebtedness sued on accrued during the marriage of the plaintiff and her husband, and that there was no evidence of any agreement between her and her husband to the effect that her personal earnings should be her separate estate. This appears to have been one of the main reasons for granting the nonsuit. It follows that the exclusion of any evidence tending to show that such earnings were not community property would be prejudicial error.

The testimony of the plaintiff concerning the course of conduct of herself and husband with respect to her earnings was properly excluded. It related to matters of fact which must have taken place in the lifetime of the deceased, and therefore it would be inadmissible under the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure. (See *Stuart* v. *Lord,* 138 Cal. 672.)

The husband of the plaintiff testified in her behalf that he had had an understanding with her ever since their marriage as to the control and management of her earnings. He was then asked the question: ''Who has had the management and control of your wife's earnings during the past fifteen years?'' The objection that this question was incompetent, irrelevant, and immaterial was sustained, and in this we think the court erred. Other questions as to whether or not he had himself had the management or control of such earnings, or had consented at all times to the control and disposition thereof by his wife, or had ever objected to her management and control thereof, and as to what she did with her earnings, and what the agreement was between them with respect

thereto, were put to him, and upon objections, chiefly to the form of the questions, the witness was not allowed to answer, and the result of the entire effort of counsel on this subject was, that no testimony of this character was obtained from the witness.  It may be admitted that the other questions mentioned were objectionable in form, although, owing to the apparent dullness of the witness, the court should have been more liberal in its rulings in this regard.  But the question above quoted was not subject to this objection, nor did it call for the conclusion of the witness, at least not to such an extent as to make it objectionable for that reason, and it should have been allowed.  There can be no doubt that the husband may make a gift of the community property to the wife, and that the effect of such gift will be to transmute it into her separate estate.  The provision in section 172 of the Civil Code, that he cannot make a gift of community property unless the wife, in writing, consent thereto, is a provision for her benefit and protection, and it has no application to the case of a gift by the husband directly to the wife.  And so, also, he may, under sections 158 and 159 of the Civil Code, contract with her by an agreement that her personal earnings shall be her separate property, and this may apply to future as well as past earnings, and the effect of such an agreement will be to convert such earnings from the *status* of community property to that of separate property of the wife.  (*Wren* v. *Wren,* 100 Cal. 276.[1])  Now, it may well have been the case that the husband could recall no conversation between them in which such an agreement was distinctly expressed.  His testimony strongly indicates this condition of memory.  And yet it might also be true that the fact that there was such an agreement was perfectly well understood between them.  In such a case resort may be had to circumstantial evidence.  The conduct and actions of the husband with respect to such earnings, indicating that he did not regard them as community property, or that he had relinquished to her the right to control and dispose of her receipts from that source, would be competent evidence and admissible to prove the agreement.  It had been shown that the plaintiff had been for more than twenty years keeping a lodging-house in San Francisco; that she had rented the house herself, had collected all the rents, and had

[1] 38 Am. St. Rep. 287.

managed the disbursement of all funds in relation thereto; and that the services sued for had been rendered to the deceased by the plaintiff while he was an inmate of her house as a lodger and boarder. The husband testified, as above stated, that he had made an agreement with her concerning her earnings, but was not allowed to state the effect of that agreement. If, in connection with all these facts, the plaintiff had been allowed to prove that during the twenty-two years of their married life the wife had had exclusive and undisturbed control of her earnings, treating the same as her own property, and disposing of them as she pleased, without consulting her husband, such evidence would certainly tend to prove an understanding between them that such earnings were to be her own separate estate. The question tended directly to elicit evidence of such facts, and if answered as the plaintiff manifestly expected, it would have produced competent and material evidence in her behalf.

The amendment to the complaint, inserting an allegation that there was an agreement between the plaintiff and her husband that her earnings should be her separate property, which amendment was made after this question was excluded, was not necessary as a foundation for testimony of that character. Before that amendment was made, the complaint contained a statement that the deceased was indebted to her for the services in question. Under this allegation she was entitled to introduce evidence of an agreement whereby her earnings during the marriage should be her separate estate, and thus show that the indebtedness was to her and not to her husband.

The order denying a motion for a new trial is reversed and the cause remanded.

Angellotti, J., Van Dyke, J., Lorigan, J., McFarland, J., Henshaw, J., and Beatty, C. J., concurred.

Rehearing denied.