[Civ. No. 2336.    Third Appellate District.—August 23, 1921.]

## FLORENCE A. RAYBURN, Respondent, v. CHARLES RAYBURN, Appellant.

[1] DIVORCE — PROPERTY RIGHTS — CHARACTER OF WIFE'S EARNINGS — CONVEYANCE TO WIFE—EVIDENCE—INFERENCES—PRESUMPTIONS.— In this action, in which both parties alleged grounds for divorce and asked the court to adjudicate their property rights, the statements and conduct of the defendant relative to the plaintiff's earnings afforded sufficient grounds for the inference that it was understood between them that the plaintiff's earnings should be her separate property, and these facts, considered in connection with the presumption arising from the conveyance to her of the real property purchased with such funds, as provided by section

164 of the Civil Code, sufficiently supported the court's finding that the property thus standing of record in her name 'was her separate property.

APPEAL from a judgment of the Superior Court of El Dorado County. George H. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. C. Huston, E. Fitzgerald and Robert H. Schwab for Appellant.

Charles A. Bliss, Downey & Downey and J. L. Knowles for Respondent.

FINCH, P. J.—In this action both parties alleged grounds for divorce and asked the court to adjudicate their property rights. Neither was granted a divorce but the decree entered determines their respective rights in the property described in their pleadings. The record title of an undivided half of what is known as the Rayburn Orchard is in the name of the plaintiff and that of the other half in the name of the defendant. The court adjudged the undivided half standing of record in the defendant's name to be community property and that the other half was the separate property of the plaintiff. From that part of the judgment relative to the plaintiff's separate estate the defendant appeals.

The land in dispute was conveyed to plaintiff and her mother, Mrs. Marks, March 1, 1910, each taking an undivided half interest therein. Mrs. Marks conveyed her half interest to the defendant January 31, 1911. At the time of the purchase of the property $400 was paid thereon by Mrs. Marks and $400 on account of the half interest therein conveyed to the plaintiff. The plaintiff and Mrs. Marks joined in the execution of a mortgage to secure the remainder of the purchase price, $1,825. The plaintiff claims to have paid the whole of the $400 initial payment for her half interest. The defendant testified that the plaintiff paid but $80 thereof and that he paid $320. The evidence shows without conflict that on March 1, 1910, there was a balance to the credit of the plaintiff's bank account of $300.09 and that she drew it all out on that day. Appellant contends that the greater part of the money on de-

posit in the plaintiff's name consisted of her earnings since the marriage of the parties and, therefore, was community property. The parties were married January 14, 1909. Prior and subsequent to the marriage both were employed by the Earl Fruit Company, the plaintiff working under the direction of the defendant. Her employment continued throughout the summer of 1909. She seems to have received her salary and to have deposited the same to the credit of her personal bank account after her marriage in the same manner as prior thereto. Apparently the defendant exercised no control over his wife's earnings or her bank account. From his testimony it appears that he had a bank account of his own. Some of the plaintiff's witnesses testified that when the purchase of the land was under consideration the defendant stated that he had no money to put into the place and advised the plaintiff and her mother to purchase it. Worthy Marks testified that the defendant "told me he had talked to Florence and Florence would put up her half if we could convince our mother and get her to put up her half." The defendant denies making the statements attributed to him. [1] The statements, if made, and the defendant's conduct relative to his wife's earnings indicate that he did not regard such earnings as community property but rather as the separate property of his wife. There was no direct evidence as to whether or not the parties considered the wife's earnings to be her separate property. In the absence of more certain proof, such statements and conduct of the defendant afford sufficient grounds for the inference that it was understood between them that the wife's earnings should be her separate property. (*Kaltschmidt* v. *Weber*, 145 · Cal. 596, [79 Pac. 272]; *Smith* v. *Smith*, 47 Cal. App. 650, [191 Pac. 60].) These facts, considered in connection with the presumption arising from the conveyance to the wife, as provided by section 164 of the Civil Code, sufficiently support the finding that the property standing of record in the plaintiff's name is her separate property. There was evidence enough favorable to the defendant to support a contrary finding but the weight of such evidence was for the determination of the trial court.

The judgment appealed from is affirmed.

Burnett, J., and Hart, J., concurred.