## LOUIS GASSNER, Petitioner, *v.* COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 4017.        Decided September 27, 1926.

Where an agreement exists between husband and wife domiciled in the State of California that the wife's salary is to be her separate property, she may report that salary in a separate return.

*Frederick M. Shipper, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, and *George E. Adams, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency of $529.71 in income tax for the calendar year 1921. The deficiency arises from the inclusion in petitioner's income of salary earned by his wife.

### FINDINGS OF FACT.

The petitioner and his wife were during 1921 domiciled and living together in California. Henrietta Gassner, the wife, was employed as buyer for Louis Gassner, Inc., and received during 1921 as compensation for services a salary of $3,000. Payment was made monthly by check drawn on the corporation, Louis Gassner, Inc., in favor of Henrietta Gassner. The checks were indorsed by her and deposited in her separate account, to which the petitioner had no access. The salary was spent exactly as she saw fit, without restriction, control or direction by the petitioner, who had agreed orally with his wife that her earnings were to be her separate property and under her own unrestricted control. Henrietta Gassner prior to her marriage was the owner of property. Her salary was deposited with the income from her separate property and handled in exactly the same way.

She returned her salary as taxable income and paid the tax due thereon. The Commissioner included the salary of the wife in the taxable income of petitioner and asserted the present deficiency.

### OPINION.

MORRIS: The sole question in this appeal is whether the wife may report in a separate return her individual salary. That question

has already been answered affirmatively in the *Appeal of Estate of George W. Randall*, 4 B. T. A. 679.

There is an additional ground, however, for sustaining the position of the petitioner. Sections 162 and 163 of the Civil Code of California describe what constitutes the separate property of the wife and husband, among which is not included salaries earned by either after marriage. Section 164 provides that all other property acquired after marriage is community property. In *Martin* v. *Southern Pacific Co.*, 62 Pac. 515, the Supreme Court of California held:

> The services of the wife are a part of the earning power of the community, and the earnings received for her services constitute community property as much as do the earnings received for the services of the husband.

Husband and wife may, however, under the California law, enter into an agreement whereby the earnings of the wife will not fall into and become income of the community, and where such an agreement exists, the salary of the wife is her separate property. In *Wren* v. *Wren*, 34 Pac. 775, the court held:

> There can be no doubt that a husband and wife may agree between themselves, * * * that money earned by the wife in performing any work or service which does not devolve upon her by reason of the marriage relation shall belong to her as her own, and, when money has been earned by the wife under such an understanding or agreement with the husband, it is her separate property.

See also *Kaltschmidt* v. *Weber*, 79 Pac. 272; *Larson* v. *Larson*, 115 Pac. 340; *Cullen* v. *Bisbee*, 144 Pac. 968; *Smith* v. *Smith*, 191 Pac. 60; *Rayburn* v. *Rayburn*, 200 Pac. 1064. It has been held that the courts will resort to circumstantial evidence furnished by the general conduct of the spouse with reference to their property in determining the existence or non-existence of a contract where the exact terms of the alleged agreement have escaped the memory of one or both of the parties to it. *Perkins* v. *Sunset Telephone & Telegraph Co.*, 103 Pac. 190. The acts and conduct of the parties consistent with such an understanding are accepted as proof that such an understanding was in fact had.

The petitioner testified that there was an agreement between himself and wife that her salary was to be her separate property. The wife's testimony was not as definite as that of her husband, but she stated—" It was my money to do what I pleased with." The receipt of the money by the wife and her subsequent handling thereof, considered in the light of the above decisions, lead us to the conclusion that the salary in question was her separate property, which she was entitled to report in her individual return.

*Judgment for the petitioner.*