RALPH L. HINCKLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4193.   Promulgated February 26, 1927.

A one-third interest in the Hinckley Beach Canning Co., a partnership, stood in petitioner's name. One-half of the amount required for the acquisition of that interest was the separate property of the petitioner's wife. She may report, therefore, in her separate return, one-half of the profit realized on the sale of the partnership's assets, all of which was charged to the petitioner by the Commissioner.

*Ralph W. Smith, Esq.*, for the petitioner.
*George G. Witter, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency of $10,823.05 in income taxes for the year 1920. The deficiency arises from

the inclusion by the Commissioner in the petitioner's gross income for the taxable year in question of profit realized from the sale of certain partnership assets.

### FINDINGS OF FACT.

The petitioner is an individual residing in Los Angeles, Calif., having come to California with his family after having been thrown into bankruptcy in Denver, Colo., in 1907. His father joined him there soon after his arrival. Shortly thereafter a hardware business was incorporated in Glendale, in which the petitioner's father invested $2,600; a brother, $800; and his wife, $650, for which stock was issued. The investment of Mrs. Hinckley was from a gift of $800, which she had just received from her mother. Mrs. Hinckley worked for the company on a salary and also received dividends. With these she acquired additional stock. She also purchased the stock of petitioner's brother with money which she received from her mother's estate. In 1915 her interest and that of the elder Hinckley were practically the same and they were the sole stockholders. On March 1, 1916, the father disposed of his stock to the petitioner in consideration of petitioner's paying him a certain sum of money as long as he lived. In 1917 petitioner and his wife sold the business for about $20,000, which was invested in the R. L. Hinckley Co., a wholesale plumbing and contracting business started by the petitioner in Hollywood, in the Hinckley Beach Canning Co., a partnership started in 1918, in which the petitioner was shown on the books as owning a one-third interest and the wife did not appear as a partner, and in real estate. When the hardware business was sold in 1917, petitioner and his wife had an understanding that the proceeds were owned jointly and that their interests in future transactions were to be mutual and equal. Title to real estate acquired by them was taken as joint tenants.

During the year 1920 the canning factory building site and machinery of the Hinckley Beach Canning Co. were sold for $100,000. The Commissioner included one-third of the profit realized from the sale of said partnership assets in the determination of petitioner's additional tax. Mrs. Hinckley's return for the year 1920 was sworn and subscribed to on April 28, 1924. In it she reported no items of business, but returned " one-half of community income as shown by report of husband (Ralph L. Hinckley)."

### OPINION.

MORRIS: The only question raised by the pleadings is whether the profit realized upon the sale of certain assets of the Hinckley Beach Canning Co. is taxable to the petitioner, as determined by

the Commissioner, or whether, as contended by the petitioner, his wife may report one-half thereof as income from her separate property or from a partnership existing between them.

The investment of Mrs. Hinckley in the hardware business at Glendale consisted of money given to her by her mother, of money acquired from her mother's estate, dividends on her stock, and salary. Section 162 of the Civil Code of California provides that all property of the wife owned by her before marriage and that acquired afterwards by gift, bequest, devise or descent, with the rentals, issues and profits thereof, is her separate property. The Supreme Court of California thus epitomizes the law concerning the property of a married woman:

A married woman unconnected with separate property of her own is, in this State, under disability to contract. She may hold property jointly with her husband, in community, as tenant in common, or as joint tenant, but her interest in the community property she holds in subjection to her husband. As head of the family he is entitled to the management and control of such property. He may dispose of it without the consent of his wife, and it is not liable in law for any contracts which may be made by her after marriage, unless by his consent manifested according to law. It is otherwise as to the wife's separate property; that belongs exclusively to her—her husband has no interest in it. She has the absolute right to use and enjoy it and the rents, issues, and profits thereof, and to dispose of the same, by her own act and deed, without the consent of her husband. She is, as to her separate property, considered a *femme sole*, and she may make any contract respecting the same with her husband, or any one else competent in law to contract. It is primarily liable for any or all of her contracts made before or after her marriage, and to the full extent of it she is bound for the performance of the obligation which she has incurred by reason of any of them. *Alexander* v. *Bouton*, 55 Cal. 15, 19.

So far as concerns the property acquired by the wife by gift, bequest or devise, and the income therefrom, there is no question, therefore, that it was her separate property. It appears, however, that she worked for the corporation at a salary some time before the father's interest passed to the petitioner and invested part of the money so received in the stock of the corporation. Such salary was community property. Section 164, Civil Code of California; *Martin* v. *Southern Pacific Co.*, 130 Cal. 285; 62 Pac. 515. Husband and wife may, however, under the California law, enter into an agreement whereby the earnings of the wife shall not become community property, and where such an agreement exists the salary of the wife is her separate property. In *Wren* v. *Wren*, 100 Cal. 276; 34 Pac. 775, the court held:

There can be no doubt that a husband and wife may agree between themselves * * * that money earned by the wife in performing any work or service which does not devolve upon her by reason of the marriage relation

shall belong to her as her own, and, when money has been earned by the wife under such an understanding or agreement with the husband, it is her separate property.

See also *Kaltschmidt* v. *Weber*, 145 Cal. 596; 79 Pac. 272; *Larson* v. *Larson*, 15 Cal. App. 531; 115 Pac. 340; *Cullen* v. *Bisbee*, 168 Cal. 695; 144 Pac. 968; *Smith* v. *Smith*, 47 Cal. App. 650; 191 Pac. 60; *Rayburn* v. *Rayburn*, 54 Cal. App. 69; 200 Pac. 1064.

It has been held that the courts will resort to circumstantial evidence furnished by the general conduct of the spouses with reference to their property in determining the existence or non-existence of a contract, where the exact terms of the alleged agreement have escaped the memory of one or both of the parties to it. *Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 712; 103 Pac. 190. The acts and conduct of the parties consistent with such an understanding are accepted as proof that such an understanding was in fact had.

The facts indicate to our minds that such an understanding existed in respect to the wife's salary. She acquired stock with it which was issued in her name. Hinckley and his wife both testified that he owned no interest whatever in the hardware company until about March 1, 1916, when his father sold him his one-half interest therein. He testified that the one-half interest acquired from his father was the first property he owned after his arrival in California in 1908, and that Mrs. Hinckley owned a one-half interest at the time of the sale to him and when he and his wife sold the business the following year.

As her interest in the hardware business was separate property, one-half of the proceeds of the sale of that business remained her separate property. Those proceeds were invested in the Hinckley Beach Canning Co., a plumbing business in Hollywood, and real estate. It was understood between them that she was equally interested in those ventures. There was no record on the books of the Hinckley Beach Canning Co. of the wife's owning any interest therein, but the petitioner's investment of her separate property did not effect a change in its status, in the absence of a gift by her to him. The evidence not only refutes the idea of any gift, but establishes a retention by her of her property interest. In *Lewis* v. *Johns*, 24 Cal. 98, 103, the Supreme Court of California said:

It follows from what has been already said that the husband cannot, by any independent act of his, acquire an interest in the separate estate of the wife. It is even doubtful whether the legislature can confer upon him, against her consent, a dominion over her property sufficient for the purposes of management or control. However that may be, it cannot go beyond that point, as we have already seen. That the husband cannot, by his management, supervision, or labor, acquire any interest in the estate itself, is conceded, and by parity of reason he cannot acquire any interest in the increase, for that is hers also, and upon the same terms—the latter being a corollary

of the former proposition. There is no magic in the touch or manipulation of the husband by force of which separate is transferred into common property.

See also *Valensin* v. *Valensin*, 28 Fed. 599.

We are therefore of the opinion that one-half of the profits arising from the sale of certain assets of the Hinckley Beach Canning Co., which the Commissioner determined was taxable to the petitioner was the wife's separate property, upon which she is subject to tax.

> *Judgment will be entered for the petitioner on 15 days' notice, under Rule 50.*