FRANCIS KRULL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16985. Promulgated February 29, 1928.

*Irving H. Frank, Esq.*, for the petitioner.
*J. W. Fisher, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner claims that pursuant to the contract which became effective upon his marriage, his wife is entitled to one-half of the income derived from the sale of real estate and other investments made with their joint funds and the compensation which she received for services as her separate property, and that such income should not be taxable to him.

The profits derived from the real estate transaction were divided pursuant to contracts in writing made and executed by the petitioner and his wife with other persons. The petitioner's wife took an active part in carrying on the negotiations and was a party to the contracts of purchase and sale. The parties to the contracts of purchase and sale agreed that Mrs. Krull should have a stated share of the profits to be derived from the sale of the real estate involved. The profits were not given or transferred to her by the petitioner. Petitioner and his wife both had funds or other property at the time of marriage. This property under the California law was their separate property. This property was contributed to a joint fund from which investments were made resulting in the profits here involved. These profits it was agreed should be the separate property of petitioner and his wife, and it was also agreed that the compensation for services which each should receive should be the separate property of each.

It is clear that under the California law the husband and wife domiciled in that State may freely and legally contract with each other with respect to either their separate or their community property and that it would be competent by appropriate agreement between them to constitute the earnings of the wife her separate estate. Secs. 159, 160, Civil Code; *Wren* v. *Wren* (Calif.), 34 Pac. 775; *Kaltschmidt* v. *Weber*, 79 Pac. 272; *Smith* v. *Smith*, 191 Pac. 60; *Blair* v. *Roth*, 22 Fed. (2d) 932. In our opinion the agreement set out in the findings was made and it was perfectly legal and binding on the parties.

The real question here is whether the income first became impressed with the community property status so as to subject it to the tax on that status as the income of the husband under the decision in the case of *United States* v. *Robbins*, 269 U. S. 315. We are of the opinion that it was not. The situation here is materially different from that which existed in the case of *Blair v. Roth, supra*. In that case the husband and wife were both employed and received compensation. The court said:

In essence his [the Commissioner's] contention is that at most the agreement here was for an assignment by each of the parties of one-half of his or her earnings to the other—that at the instant they were received, the salaries were by the law impressed with the status of community property and were taxable with reference to that status * * * . In this view we concur.

The court further stated:

* * * Shortly after their marriage, they had an understanding, *not* that the earnings of each should constitute the separate property of the *earner*, but that the earnings of both should be contributed to a common fund of which they were to be the owners share and share alike.

In that case there was an assignment of half the earnings of each to the other. In that state of facts the earnings of each first became impressed with the community property status before it became the property of the other. Here there was no assignment of earnings from one to the other. The earnings which were by the contract to become the separate property of each were the earnings of the *earner*. The wife's earnings from investments of the joint funds were her earnings.

Separate property of the wife and of the husband at the time of marriage or that subsequently acquired by gift, devise or descent remains separate property. Secs. 162, 163, Civil Code of California. The joint fund which was made up of the separate funds of each was not converted into community property. Section 160 provides that a husband and wife may hold property as joint tenants or tenants in common. To the extent that the wife's interest in the joint fund exceeded her contribution thereto it was a gift by the petitioner. The gift, however, was of the corpus in 1913 and not income during the taxable period or at any other time.

Giving effect to the contract between the parties and considering all the facts, it is our opinion that the income received by the petitioner's wife from the investments of the joint fund and as compensation for her personal services outside of the family relationship should not be included in the petitioner's taxable income. Secs. 159, 160, Civil Code of California; *Wren* v. *Wren, supra; Kaltschmidt* v. *Weber, supra; Smith* v. *Smith, supra; Perkins* v. *T. & T. Co.,* 103 Pac. 190; *Louis Gassner,* 4 B. T. A. 1071; *Leon Salomon,* 8 B. T. A. 979, and 4 B. T. A. 1109.

The income received by the wife under the circumstances here did not become impressed with the community status.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*