HEWLINGS MUMPER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14053. Promulgated October 12, 1928.

*Baldwin Robertson, Esq.,* and *Hewlings Mumper, Esq.,* for the petitioner.

*Clark T. Brown, Esq.,* for the respondent.

█

OPINION.

MILLIKEN: By Sections 162, 163, and 164 of the California Civil Code, it is provided that all property owned by either spouse before marriage, or thereafter acquired by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is separate property, and all other property acquired after marriage by either constitutes community property. *Blair* v. *Roth*, 22 Fed. (2d) 932. All community income in California is returnable by and taxable to the husband. *United States* v. *Robbins*, 269 U. S. 315; 70 L. Ed. 285.

The question for decision in this case is whether the share of petitioner's wife in the profits of the moving picture transaction is her separate property or is community property.

Section 158 of the Civil Code of California provides: " Either husband or wife may enter into any engagement or transaction with

the other, or with any other person, respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts."

This section of the Code has been frequently before the courts of California and this Board and it is clear that husband and wife may freely and legally contract with each other with respect to their separate and community property. *Wren* v. *Wren*, 100 Cal. 276; *Kaltschmidt* v. *Weber*, 145 Cal. 596; 79 Pac. 272; *Smith* v. *Smith*, 47 Cal. App. 650; 191 Pac. 60; *Francis Krull*, 10 B. T. A. 1096.

Various forms of agreement between husband and wife residing in California have been before this Board and many of them have been sustained. In *Elihu Clement Wilson*, 11 B. T. A. 963, three brothers took their wives in as equal partners in a partnership. The wives contributed neither services nor capital, but it was agreed that they should share equally in the profits and losses. The wives were held partners and their share of the profits was taxable to them respectively. See also *Francis Krull, supra; C. R. Davis*, 10 B. T. A. 1233; *Allen Harris*, 10 B. T. A. 1374; and *F. C. Busche*, 10 B. T. A. 1345.

In the instant case the contract between petitioner and wife did not relate to community property, nor did it attempt to change the character of the community property. The contract was for the use of the separate property of the wife and fixed the profit or compensation therefor. She was entitled to this under the laws of California, irrespective of the contract, and its only effect was to fix the amount or rate of profit to which she was entitled. She could have made such a contract with a third person for a division of the profits and under California law could do the same with her husband.

In our view of this matter it is immaterial whether we consider the arrangement one of partnership, subpartnership, or joint venture. The wife was entitled to one-half of the profits as her separate property, and the fact that the husband collected it first is not controlling for in such case he merely acted as an intermediary and held it as trustee for her. *C. R. Thomas*, 8 B. T. A. 118.

The cases of *Mitchell* v. *Bowers*, 15 Fed. (2d) 287; *Blair* v. *Roth*, 22 Fed. (2d) 932; and *United States* v. *Robbins*, 269 U. S. 315, are not controlling, for in none of them did the question of the use of the separate property of the wife and her right to profits therefrom arise.

The recent cases of *H. A. Belcher*, 11 B. T. A. 1294, and *Guy C. Earl*, 10 B. T. A. 723, are not in point, for in neither did the contract provide that the earnings of the parties should be their separate estate, and in neither was there a question of the use and investment of the wife's separate property.

The income received by the wife in 1921, resulting from the salary or profits of the moving picture venture and the interest on the

funds derived therefrom, was her own separate income and property, and was improperly added to petitioner's income.

*Judgment will be entered under Rule 50.*