HELEN E. GRANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 62029, 65577, 68324. Promulgated January 16, 1934.

*Bayley Kohlmeier, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

### OPINION.

LANSDON: The respondent has determined deficiencies in income tax for the years 1927, 1928, 1929, and 1930 in the respective amounts

of $1,412.76, $1,396.35, $767.72, and $1,895.43. The only issue is whether a husband and wife domiciled in California may by contract convert the earnings of the husband from community to separate income. The several proceedings were consolidated for hearing and report. The material facts have been stipulated and may be summarized as follows:

The petitioner is the wife of Edwin J. Grant and, during each of the taxable years, resided with her husband at Beverly Hills, California. On August 1, 1927, she and her husband entered into and signed an agreement that the personal earnings of and salaries of the husband should remain his separate property and income. Such personal earnings and salaries for the last five months of 1927 and for 1928, 1929 and 1930 were in the respective amounts of $7,343.74, $18,156.48, $18,432.21 and $21,742.04. On his Federal income tax return for such years, the husband included such amounts in his gross income. The petitioner included no part thereof in her gross income reported on separate returns. Upon audit of the returns of the petitioner for the years under review, the respondent added to the gross income reported each year one half of the earnings of the husband for such year and determined the deficiencies here in controversy.

The petitioner contends that the purpose and effect of the agreement of August 1, 1927, was to convert the earnings of her husband, otherwise community income under the laws of California, into separate income of the husband. There is no question as to the purpose of the agreement. Whether it was effective therefor is the legal question which must be decided. Under the laws of California a husband and wife residing in that state may enter into a valid contract with each other. California Civil Code, sec. 158; *Wren* v. *Wren*, 100 Cal. 276; 34 Pac. 775; *Smith* v. *Smith*, 47 Cal. App. 650; 191 Pac. 60; *Gray* v. *Perlis*, 76 Cal. App. 511; 245 Pac. 221; *Rayburn* v. *Rayburn*, 54 Cal. App. 69; 200 Pac. 1064.

Petitioner contends that it is now well settled in California that a valid partition agreement between husband and wife applies not only to existing property, but also to future earnings, and prevents such earnings from becoming community property even for an instant, and relies on several decisions of the courts and of this Board to that effect. In *Kaltschmidt* v. *Weber*, 145 Cal. 596; 79 Pac. 272, the Supreme Court of California said:

And so also he may under Section 158, 159, Civ. Code, contract with her [the wife] by an agreement that her personal earnings shall be her separate property, and this may apply to future as well as past earnings, and the effect of such an agreement will be to convert such earnings from the status of community property to that of separate property of the wife.

In *Earl* v. *Commissioner*, 30 Fed. (2d) 998, the Circuit Court of Appeals for the Ninth Circuit said:

If, as this seems to be the settled law of the State and which is recognized as such by the Board of Tax Appeals, a husband and wife may legally agree by contract that the future earnings of the wife shall be her separate prop-

erty, and by virtue of such agreement they do not become the property of the community, there is no sufficient reason why they may not make a similar agreement with reference to the earnings of the husband.

The principle set out in the two decisions above cited has been applied by the Board in many proceedings heretofore decided. *Edith Page Skewes-Cox*, 29 B.T.A. 167; *Howard C. Hickman*, 27 B.T.A. 807; *Francis Krull*, 10 B.T.A. 1096. The authorities upon which petitioner relies support her contention unless changes in the California laws subsequent thereto establish a new rule, and this is in part at least the argument of the respondent. Prior to 1927 there was some confusion as to the exact nature of the separate interest of the spouses in community property under the laws of California. In that year the legislature enacted section 161 (a) of the Civil Code, as follows:

SEC. 161. (a) *Interests in community property.* The respective interests of the husband and wife in community property during the continuance of the marriage relations, are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172(a) of the Civil Code. This section shall be construed as defining the respective interests of the husband and wife in community property.

Since 1927 the Supreme Court, in *United States* v. *Malcolm*, 282 U.S. 792, has decided that under the above section of the Civil Code of California the wife has such an interest in community income that she should separately report for Federal taxation. Manifestly, the provisions of the code, as well as the *Malcolm* decision, relate to community income and the taxation thereof. Under the laws of California the agreement between the petitioner and her husband changed the status of the husband's earnings to separate income. The determinations of the respondent are reversed.

*Decision will be entered for the petitioner.*