[Civ. No. 13342.   First Dist., Div. Two.   June 27, 1947.]

JAMES G. DEE, Appellant, v. THE SAN FRANCISCO CITY AND COUNTY EMPLOYEES RETIREMENT SYSTEM et al., Defendants; LEO McCARTHY, as Executor, etc., Respondent.

John G. Reisner for Appellant.

John J. Barrett and Frank I. Barrett for Respondent.

DOOLING, J.—Plaintiff and appellant Dee married Viola Farrell in 1930. Mrs. Dee was, and continued until her death to be, a teacher in the public schools of San Francisco. She died in 1943. This action involves the claim of plaintiff to a portion of the decedent's accumulations in the San Francisco retirement system on the ground that they are community property. Before her marriage Viola Farrell had designated her mother as her beneficiary under the retirement system and this designation was never changed. The trial court found that after the marriage the earnings of Viola Dee as a school teacher, from which the deductions were made for the retirement system, were her separate property and that plaintiff relinquished all claim thereto. On these findings judgment went against plaintiff.

Plaintiff attacks the finding of relinquishment. Under the decisions we are satisfied that the finding is amply supported by the evidence. In *Pacific Mut. Life Ins. Co.* v. *Cleverdon*, 16 Cal.2d 788 at 791 [108 P.2d 405] the court quoted with approval the following statement from 3 California Jurisprudence Ten Year Supplement, page 643:

"While the rule is otherwise in some of the community property states, in California the husband may relinquish to the wife the right to her earnings during marriage without any consideration other than their mutual consent, and her earnings thereupon become her separate estate. Such relinquishment and mutual consent may be shown by evidence of the acts or conduct of the husband indicating that he did not regard the earnings as community property."

The marriage was far from a normal one. The spouses had no marital intercourse after the first year and for a great part of their married life they lived in separate places. Mrs. Dee had her separate bank account in which she deposited all of her salary, plaintiff's earnings were for the most part negligible and, far from asserting a community interest in the earnings of his wife, from time to time plaintiff asked her for money and was reproached by her for not earning his own

living. The inference is strong that during most of their married life Mrs. Dee wholly supported herself and at least partly supported plaintiff. It is clear that she would permit no interference by him with her management of her earnings as a teacher and that he, at least tacitly, acquiesced. This statement might be amplified with corroborative details but enough has been stated to support the finding of relinquishment under the rule of *Pacific Mut. Life Ins. Co.* v. *Cleverdon, supra, Smith* v. *Smith,* 47 Cal.App. 650 [191 P. 60], *Rayburn* v. *Rayburn,* 54 Cal.App. 69 [200 P. 1064], and the other cases cited in those opinions, that such relinquishment may be proved by the acts and conduct of the husband.

Judgment affirmed.

Nourse, P. J., concurred.