[Civ. No. 20593. First Dist., Div. Three. Mar. 12, 1963.]

FRANCES GIANOTTI, Plaintiff and Appellant, v. RUTH E. McDONALD, as Administratrix, etc., Defendant and Respondent.

Barbagelata, Zief & Carmazzi, Rinaldo A. Carmazzi and Arthur C. Zief for Plaintiff and Appellant.

Everitt L. Mossman and Michael G. Ioakimedes for Defendant and Respondent.

DEVINE, J.— In this action upon a rejected creditor's claim for reasonable value of services performed for the deceased, testimony of plaintiff's husband was ruled inadmissible by the trial court under the provisions of the dead man statute (Code Civ. Proc., § 1880, subd. 3),* despite an agreement signed by the husband on the date of the trial but prior to the proffered testimony, that the claim and all proceeds thereof are the separate property of the wife. Judgment was rendered in favor of defendant administratrix at the close of plaintiff's case. There was some testimony, which was uncontradicted, by witnesses other than the husband, as to services performed by plaintiff to the decedent, but because of our decision, stated below, that the judgment must be reversed because of the major ruling in the case, that of the exclusion of testimony, we need not discuss the admitted evidence. Counsel for plaintiff did not make a complete offer of proof as to the husband's expected testimony, but he did propose to make an offer of proof and the court, having made the ruling, stated that an offer of proof would do no good. There was no dispute as to the genuineness of the husband's signature, nor was the written agreement attacked, except as it is here, on the ground that it is a means of circumventing the statute.

· We hold that an agreement between spouses, which is not for any other reason invalid, does not fail to relinquish effectively the community property interest of one spouse and remove that spouse from the category of persons in whose behalf an action is prosecuted, even if the relinquishment is devised for the purpose of avoiding the bar of Code of Civil Procedure section 1880, subdivision 3. Our reasons are as follows:

---

*Section 1880 of the Code of Civil Procedure provides: ''The following persons cannot be witnesses: . . . 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person.''

In *Roy* v. *Salisbury*, 21 Cal.2d 176 [130 P.2d 706], the Supreme Court affirmed judgment for plaintiff, where the trial court had admitted the testimony of plaintiff's wife in an action on a creditor's claim, the wife having testified that she and her husband had made an agreement, after death of defendant executor's testator, that future earnings of the husband were to be his separate property. At first glance, this case would seem to be decisive of the question before us, but it is not quite so because in the main opinion, in which three justices participated, the holding was followed by the comment that, assuming that error had been committed, it was not prejudicial; the chief justice and an associate concurred specially on the ground that the admission of the evidence, even though erroneous, was not prejudicial; and two justices dissented upon the ground that to call the agreement a relinquishment rather than an assignment was to quibble over words, and that if the statute were to be amended or repealed, it should be by the Legislature and not by decision of the courts. However, in *Mitchell* v. *Tibbetts*, 131 Cal.App.2d 480 [280 P.2d 860], the court accepted the *Roy* case as authority for the proposition that an agreement between spouses that the earnings of the wife were to be her separate property would prevent the bar against testifying that is set up in the dead man statute, and reversed judgment for the defendant after the husband's testimony had been refused. In the *Mitchell* case, the asserted contract between the spouses was one made orally and before marriage, and, of course, the appellate court did not pass upon the credibility of the husband, who had testified to its existence, but required the trial court to consider whether the contract actually existed and held that if it did, the testimony about facts occurring before the death of the defendant's testatrix would be admissible.

The Supreme Court has said that it "has been reluctant to extend the effect of subdivision 3 of section 1880 beyond what is compelled by its language and in many cases has narrowly construed the statute against the disqualification of a witness and in favor of the admissibility of evidence." (*Trabin* v. *Title Ins. & Trust Co.*, 52 Cal.2d 149, 152 [339 P.2d 136].) ██ █ If the husband is not either (a) an assignor of a party or (b) a person in whose behalf an action is prosecuted, he does not come within the literal terms of subdivision 3 of section 1880, and his testimony is not to be excluded, but an agreement transmuting community to

separate property is not necessarily an assignment. (*Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 712, 719-720 [203 P. 190].) Nor can it be held that the husband is a party for whose benefit the action is prosecuted if a valid interspousal agreement has been made. Section 158 of the Civil Code permits husband and wife, subject to the rules relating to confidential relations, to enter into any engagement with the other respecting property which they might do if they were unmarried. ▉ Husband and wife may agree, without any other consideration than their mutual consent, that the wife's earnings shall be her separate property. (*Wren* v. *Wren,* 100 Cal. 276 [34 P. 775, 38 Am.St.Rep. 287]; *Pacific Mut. Life Ins. Co.* v. *Cleverdon,* 16 Cal.2d 788, 791 [108 P.2d 405].) ▉ Of course, the husband may be very desirous that his wife recover judgment, but this fact does not make him a beneficiary of the action within the literal meaning of section 1880, subdivision 3, where he has relinquished any property right thereto to his wife. Many witnesses appear in court every day who are desirous of seeing one of the parties win, and their motives are balanced by the triers of fact, but ''All persons, without exception, otherwise than is specified in the next two sections, who, having organs of sense, can perceive, and, perceiving, can make known their perceptions to others, may be witnesses'' (Code Civ. Proc., § 1879); and unless the husband were to fit, literally, into the class designated by section 1880, subdivision 3 (the only disqualification urged against him), he may be a witness.

Judgment reversed.

Draper, P. J., and Salsman, J., concurred.