[No. A088646. First Dist., Div. Four. July 20, 2000.]

STATE BOARD OF EQUALIZATION, Plaintiff and Respondent, v.
DOREEN H. Y. WOO, Defendant and Appellant.

## COUNSEL

Buell & Berner and Curtis W. Berner for Defendant and Appellant.

Bill Lockyer, Attorney General, and Julian O. Standen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HANLON, P. J.**—Doreen H. Y. Woo (appellant) appeals from an earnings withholding order for taxes. The underlying tax liability stems from delinquent sales taxes in the amount of $35,504.43 owed by James K. Ho, appellant's husband, to respondent State Board of Equalization. Appellant contends that a marital agreement she entered into with Ho transmuting the couple's community property to the separate property of each spouse precludes respondent from garnishing her wages. We affirm.

### FACTUAL BACKGROUND

In 1992, respondent determined that Ho owed taxes, interest and penalties in the amount of $37,419.90 which represented the unpaid sales taxes of the Monsoon Restaurant. In September 1996, Ho filed a complaint seeking a

refund of certain payments made towards that tax liability. The trial court sustained respondent's demurrer to the complaint without leave to amend and entered judgment against Ho. This court affirmed that judgment in an unpublished opinion filed on December 2, 1997, in *Ho v. State Bd. of Equalization,* A077815.

In July 1995, respondent notified appellant that it would seek an earnings withholding order against her to pay Ho's tax debt. On November 5, 1995, appellant and Ho entered into a marital agreement transmuting their future earnings to separate property. Appellant subsequently became employed by Wells Fargo Bank, earning approximately $500,000 per year.

On July 27, 1999, respondent filed an application for an earnings withholding order for taxes. In support of the order, respondent argued that the marital agreement between appellant and Ho did not bar garnishment of her wages because the agreement was fraudulent and unenforceable under Family Code section 851 and Civil Code section 3439.04. Appellant contended that the marital agreement did not constitute a fraudulent transfer because she was not employed by Wells Fargo Bank at the time the agreement was executed and that her future earnings were a mere expectancy that could not be transferred. Following a hearing, the trial court entered an earnings withholding order for taxes directing Wells Fargo Bank to withhold and pay to respondent the sum of $3,000 per month from appellant's earnings.

## DISCUSSION

■ Civil Code section 3439.06, subdivision (d) provides that "[a] transfer is not made until the debtor has acquired rights in the asset transferred." Relying on Civil Code section 3439.06, subdivision (d), appellant contends that the marital agreement did not constitute a fraudulent transfer of community property because Ho had no property interest in her potential future earnings. This contention lacks merit.

Contrary to appellant's argument, Ho had a present interest in appellant's future earnings at the time he executed the marital agreement. It is well settled that earnings of either the husband or the wife acquired during the marriage constitute community property. (Fam. Code, § 760; *Martin v. Southern Pacific Co.* (1900) 130 Cal. 285, 286 [62 P. 515]; see also 11 Witkin, Summary of Cal. Law (9th ed. 1990) Community Property, § 17, p. 387.) And, a spouse's respective interests "in community property during continuance of the marriage relation are present, existing, and equal interests." (Fam. Code, § 751.) Ho's interest in appellant's earnings was thus not dependent on whether she was employed at the time she executed the agreement.

Further, appellant's attempt to transmute the community property earnings to her separate property constituted a fraudulent transfer. Family Code section 851 provides that "[a] transmutation is subject to the laws governing fraudulent transfers." Civil Code section 3439.04, subdivision (a) provides that a transfer is fraudulent as to a creditor if it is made "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." Here, appellant does not dispute that the community estate was liable for Ho's tax debt. (See Fam. Code, § 910 ["community estate is liable for a debt incurred by either spouse before or during marriage"].) Nor does she dispute that she entered into the marital agreement after learning that respondent intended to garnish her wages. Given these facts, the trial court did not err in rejecting appellant's argument that there was no fraudulent transfer. Ho had a present interest in appellant's earnings at the time the agreement was executed. Appellant's attempt to transmute that interest to avoid Ho's tax debt constituted a fraudulent transfer in violation of Family Code section 851 and Civil Code section 3439.04, subdivision (a).

The order is affirmed.

Poché, J., and Reardon, J., concurred

A petition for a rehearing was denied August 7, 2000, and the opinion was modified to read as printed above.