JOHN NOEHL SCHMITZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BEATRICE C. SCHMITZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmitz v. Commissioner
Docket Nos. 9738-77, 4225-78.
United States Tax Court
T.C. Memo 1983-482; 1983 Tax Ct. Memo LEXIS 311; 46 T.C.M. (CCH) 1091; T.C.M. (RIA) 83482; August 15, 1983. John Noehl Schmitz, pro se. Dennis Brager, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in the Federal income tax, along with additions to tax, of petitioner John Noehl Schmitz as follows: JOHN NOEHL SCHMITZ
Deficiency
Additions to tax
statutory notice
per statutory notice
Year
of deficiency
of deficiency
Sec.
Sec.
Sec.
6651(a) [1]
6653(a)
6654
1972
$1,017.16
$253.80
$50.86
$32.47
1973
1,061.12
260.03
53.06
33.84
*313 Revised deficiency
Revised additions to
per amendment to
tax per amendment
answer
to answer
Sec.
Sec.
6653(b)
6654
1972
$1,017.16
$508.58
$32.47
1973
1,061.12
530.56
33.87
The deficiencies determined against petitioner Beatrice C. Schmitz are as follows: BEATRICE C. SCHMITZ
Deficiency per
Additions to tax per
statutory notice
statutory notice
Year
of deficiency
deficiency
Sec. 6651(a)
1972
$1,017.16
$101.52
1973
1,061.12
The issues for our decision are (1) whether each of the petitioners is liable for tax on one-half of the income earned by John and Beatrice in 1972 and 1973; (2) whether any part of John Schmitz' underpayments are due to fraud, rendering him liable for additions to tax under section 6653(b); (3) whether John Schmitz is liable for an addition to tax under section 6654 for failure to pay estimated tax in 1972 and 1973; and (4) whether Beatrice Schmitz is liable for an addition to tax under section 6651(a) for *314 1972. FINDINGS OF FACT Petitioners John Noehl Schmitz and Beatrice C. Schmitz were married, but filed separate Federal income tax returns in 1972 and 1973. They lived in San Gabriel, California when their respective petitions were filed. The cases were consolidated for trial, briefing, and opinion by an order of this Court dated December 13, 1978. Petitioner Beatrice C. Schmitz filed a return for 1972 on June 13, 1973, [2] showing income from her day care business of $99. Her 1973 return, filed February 15, 1974, reported gross income of $638. Respondent determined that she failed to report her share of community income in 1972 and 1973, and that she was liable for an addition to tax based upon the late filing of her 1972 return. [3]
*315 Petitioner John Noehl Schmitz filed a protester-type [4] return for 1972 on March 1, 1973, an amended return on May 2, 1973, and a third form showing gross income of $14,125.63 on September 22, 1977. [5] A single protest-type Form 1040 was filed on March 12, 1974 for the year 1973; a return showing gross income of $14,235.85 was filed on September 22, 1977. All of the forms contained statements of petitioner's constitutional objections. In 1972, John Noehl Schmitz worked for Twining Laboratories, and earned $14,125.63. In 1973 he earned $14,235.85 from the same employer. On May 5, 1975, petitioner John Schmitz was convicted *316 under section 7205 for filing false withholding certificates in 1972 and 1973, and under section 7203 for willfully and knowingly failing to file an income tax return for calendar year 1972. Mr. Schmitz served some time in prison, then was placed on probation. [6] Petitioner breached the terms of probation by failing to file returns for the years 1973 - 1976. On September 2, 1977 an order revoking his parole was entered, with the proviso that if petitioner filed the Federal income tax returns in question before September 23, 1977, the sentence of imprisonment would be suspended. Petitioner filed adequate returns on September 22, 1977. During the years at issue Beatrice Schmitz had a child care business. Her earnings therefrom were minimal. Beatrice had no other source of income in 1972 and 1973, so relied upon her husband for support. John Schmitz received a bachelor's degree in 1948, and had taken courses in law, economics, and banking in years prior to those at issue. He knew that the income tax laws had been found constitutional *317 by the Supreme Court, and had filed adequate returns for the years 1966-1969. In those years he scrawled statements of his protest across his Form 1040, and/or attached protest documents. In 1970 and 1971, his complaints were more virulent, and he corssed out the statement that his returns were filed under penalties of perjury. In 1972 and 1973 he willfully filed false withholding certificates. In 1972 he willfully and knowingly failed to file a return. The notices of deficiency issued to both John and Beatrice were based upon respondent's determination that each taxpayer was liable for tax on one-half of the total income earned in the years at issue. [7] Negligence penalties were initially asserted against John, but in an amended answer respondent determined that John's actions were fraudulent rather than merely negligent, and he assessed an addition to tax under section 6653(b). Respondent also determined that John Schmitz failed to pay estimated tax in both years, so was liable under section 6654. Finally, he determined that Beatrice's delinquent filing of her 1972 return rendered her liable for an addition to tax under section 6651(a)(1). *318 OPINION Petitioners John Noehl Schmitz and Beatrice C. Schmitz are husband and wife. Beatrice filed returns for the years 1972 and 1973 on which she reported only her own earnings. John did not file adequate returns for those years until 1977. [8] The first issue for our decision is whether John and Beatrice Schmitz' earnings are community property income, one-half of which must be included by each of the petitioners. Under California law, the earnings of each spouse during marriage are presumed to be community property. Cal. Civ. Code sec. 5110; [9]See v. See,64 Cal. 2d 778, 51 Cal. Rptr. 888, 415 P.2d 776 (1966). Accordingly, one-half of the combined earnings of husband and wife is taxable to each. United States v. Malcolm,282 U.S. 792 (1931); Poe v. Seaborn,282 U.S. 101 (1930). Spouses may, however, agree to transmute *319 community property to separate property. Wren v. Wren,100 Cal. 276, 34 P. 775 (1893). To be valid under California law, the agreement must be shown by "clear and convincing evidence" or clear and decisive proof." Somps v. Somps,250 Cal. App. 2d 328, 58 Cal. Rptr. 304, 310 (1967); Estate of Vogel,30 T.C. 125, 132 (1958), affd. 278 F.2d 548 (9th Cir. 1960). If recognized under state law, the transmutation will be effective for Federal tax purposes. Helvering v. Hickman,70 F.2d 985 (9th Cir. 1934); Estate of Vogel,supra.
Petitioners John and Beatrice Schmitz allege that on January 1, 1972, they entered into an *320 oral agreement whereby "all of their income from their God-given talents would accrue to each privately and would be spent, given, or saved as each privately willed to do so." The only evidence of the contract is the affidavit contained in the petition, and the testimony of the two taxpayers. Both petitioners appeared to be credible witnesses, but in light of the fact that Beatrice's earnings alone were insufficient to support her, and her testimony that her husband "kept a roof over her head," we must conclude that there was not a valid transmutation. Thus one-half of the combined earnings of John and Beatrice is taxable to each. The next issue for our decision is whether any part of John Schmitz' underpayments in 1972 and 1973 were due to fraud. The existence of fraud is determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent bears the burden of proof, and must show clear and convincing evidence of each element of fraud. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; *321 Stratton v. Commissioner,supra.The three elements are (1) a knowing falsehood; (2) an underpayment of tax; and (3) an intent to evade tax. Considine v. United States,683 F.2d 1285 (9th Cir. 1982). Respondent contends, and correctly so, that the doctrine of collateral estoppel bars petitioner from contesting any issues actually litigated during his criminal trial. Considine v. United States,supra;Commissioner v. Sunnen,333 U.S. 591 (1948). John Schmitz was found guilty of willfully and knowingly failing to file a return in 1972, and of willfully and knowingly filing false withholding exemption certificates in 1972 and 1973. These convictions together establish a knowing falsehood, the first element of civil fraud. Respondent has also established by clear and convincing evidence that there was an underpayment of tax in both 1972 and 1973. Third, respondent has shown that John Schmitz intended to commit fraud, *322 which has been described as an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Powell v. Granquist,252 F.2d 56 (9th Cir. 1958). John Schmitz was an educated man with some legal training. He knew that the income tax had been declared constitutional by the Supreme Court. His doubts about the soundness of that decision are irrelevant, since Mr. Schmitz knows that in our judicial system that ruling is final. In numerous documents filed with this Court John admitted that he knowingly refused to file returns. This evidence convinces us that his underpayment in both years was due to fraud, and that he is liable for additions to tax under section 6653(b). Respondent also determined that John Schmitz was liable under section 6654 because of his failure to pay estimated tax in 1972 and 1973. Petitioner introduced no evidence on this issue at trial and thus failed to carry his burden of proof. He is liable for the addition to tax. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,390 U.S. 111 (1933). *323 Finally, respondent determined that petitioner Beatrice Schmitz was liable for an addition to tax under section 6651(a). That section imposes a penalty on taxpayers who do not file timely returns unless they show that the delay was "due to reasonable cause and not due to willful neglect." Beatrice Schmitz presented no evidence on this issue. The respondent's determination is sustained. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,supra.
Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩
2. The return for 1972 is dated June 13, 1972. We assume that Mrs. Schmitz intended to write 1973, and therefore attach no importance to the matter. ↩
3. The notice of deficiency was issued on January 25, 1978, well beyond the expiration of the normal 3-year period within which a notice must be filed. If respondent's determination is correct, however, the notice was timely: under sec. 6501(e)(1)(A) the period for assessment is extended to 6 years for taxpayers that exclude an amount in excess of 25 percent of the income stated in the return.↩
4. John Schmitz' initial return for 1972 had lines drawn through all of the spaces and was accompanied by a statement of his constitutional objections. The amended return for 1972 and the initial one for 1973 were similar. ↩
5. The record does not reveal whether or not petitioner paid the tax due on this income. Whether or not he paid, this Court retains jurisdiction since the return was filed after the notice of deficiency was issued, and after petitioner filed his petition. See sec. 6213(b)(4); Casey, Fed. Tax Practice, sec. 6.14 (1982) rev.).↩
6. One of the terms of petitioner's probation was "that he obey all Federal, state and local laws, and particularly the Internal Revenue Code."↩
7. In the event that we should find that all income is taxable to petitioner John Schmitz, the deficiencies in income tax are as follows: ↩
Alternative deficiency per
Alternative additions
amendment to answer as
to tax per amendment
Year
amended
to answer as amended
Sec. 6653(b)
Sec. 6654
1972
$3,058.68
$1,529.34
$97.51
1973
3,004.91
1,502.45
33.84
8. Petitioner John Schmitz timely filed Forms 1040 for both years, but these blank forms are not considered returns for our purposes. Reiff v. Commissioner,77 T.C. 1169, 1177↩ (1981).
9. Cal. Civ. Code sec. 5110 provides that: Sec. 5110. Community property; presumption as to property acquired by wife; limitations of actions; leasehold interests Except as provided in * * * Sections 5107, 5108, and 5109 * * * all real property situated in this state and all personal property wherever situated acquired during the marriage by a married person while domiciled in this state, and property held in trust pursuant to Section 5113.5, is community property.↩